Epperson vs. Blakemore.

2b 241
92 215

CASE 61—PETITION EQUITY—SEPTEMBER 24.

## Epperson vs. Blakemore.

APPEAL FROM CLARK CIRCUIT COURT.

The assignment of a title-bond for land, without any stipulation as to the rents or when the purchaser shall have possession, is an equitable transfer of the reversion, and also an equitable assignment of the rent due at the end of the year; and the purchaser, being the equitable owner, has the right to collect the rent.

B. F. Buckner, For Appellant,

CITED—

*Starkie*, 8th Amer. ed'n, page 121.
7 *Dana*, 251; *Railroad Co. vs. Kidd*.
*Civil Code*, sec. 669.
2 *Metcalfe*, 441; *Packard vs. Northcraft*.

CHARLES EGINTON,                                    For Appellee,

CITED—

· 1 *Parsons on Contracts*, 5 *ed., p.* 54 *and note.*

10 *B. Mon.,* 349; *Violet vs. Powell's adm'r.*

*Paley on Agency*, 326–7.

JUDGE WILLIAMS DELIVERED THE OPINION OF THE COURT:

Blakemore, holding the title-bond of G. W. Isom for a small tract of land, assigned it to C. Lisle, January 23d, 1864. The land was under rent for the year 1864. This controversy is as to whom said rent is due.

Epperson says that Lisle purchased the land for him and as his agent, and that he is the owner of the land and entitled to the rent, and that, by oversight, nothing was said about the rent in the writing.

Blakemore insists that he did not agree to give up the rent for the year 1864, and denies that any stipulation was left out of the writings by oversight.

The court dismissed the petition of Epperson, and he seeks a reversal.

The assignment of Isom's title-bond to Lisle, without any stipulation as to the rents, or when the purchaser should have possession, was an equitable transfer of the reversion and an assignment of the rent, for, as said by Taylor, in his *Landlord and Tenant (sec.* 383, *p.* 277), "the tenant's obligation to pay rent may also be apportioned; for, as rent is incident to the reversion, whenever that is severed, either by act of the parties or by act of law, the rent will follow the reversion, and become payable to the assignees of the respective portions thereof."

And this is the proper construction to be given to *section* 8, *article.* 2, *chapter* 56, 2 *Stanton's Revised Statutes,* 93, which provides, that "if the owner or holder alien or *assign his estate or term,* or the rent thereafter to fall

due thereon, his alienee or assignee may recover such rent." Under this statute, if the landlord assigns his estate or term, the assignee may recover the rent.

It is of but little consequence whether Lisle's deposition be or not regarded, for it only goes to establish an express contract which the law implies.

As the circumstances and evidence establish that Epperson was the equitable owner and holder of the reversion, he had a right to collect the rents; and, though Lisle was no party to the record, yet he was called to uphold, by his evidence, the plaintiff's claim; and, as he and plaintiff executed mutual releases, payment to Epperson by the tenants will bar any further proceedings against them by any one.

Blakemore has no right to the rent due at the end of the year 1864; and he has no interest whether this belongs to Lisle or Epperson. This was an equitable suit, and he should be compelled to surrender all claim to the rents, or the evidences thereto, and the money should be collected for Epperson's benefit.

Wherefore, the judgment is reversed, with directions for further proceedings in accordance herewith.