## W. C. GRAVES, ET AL., *v.* W. F. PREWITT.

**Rent of Premises Sold.**

A voluntary alienation of real estate entitles the alienee to the rents falling due after the alienation, and where a sale is made under a judgment it is a sale in which the court acts for and at the instance of the owners, and is the same as if made by the owners in person, and the purchaser at such a sale is entitled to the rents falling due after such sale.

APPEAL FROM CLARK COURT OF COMMON PLEAS.

February 27, 1879.

OPINION BY JUDGE COFER:

On the 5th day of March, 1877, a portion of the heirs and devisees of Virginia Graves, deceased, leased a tract of land to H. B. and W. B. Nelson, for a term to end March 1, 1878, for the sum of $1,100, which they contracted to pay January 1, 1878.

April 24, 1877, the land was adjudged to be sold for the benefit of the heirs and devisees of Mrs. Graves. July 6, following, a sale was made and the appellee became the purchaser of the land at the price of $7,962.52, payable, according to the terms of the decree, in six, twelve, and eighteen months, with interest at the rate of 8 per cent. from the day of sale. At the ensuing September term the master's report of the sale was filed and confirmed. The judgment did not mention the time when the purchaser would be entitled to possession, but at the time of confirming the sale the court awarded to the purchaser a writ of possession to issue forthwith, for the house and yard, and for the remainder to issue March 1, 1878, and also ordered that he should have the right of ingress and egress to and from any part of said premises for purposes of fall plowing and seeding.

January 8, 1878, the appellants brought this action at law against Nelsons to recover the rent due from them. The petition contained two paragraphs. The first sought a recovery on the covenant executed by Nelsons to pay the rent "to such persons as may be entitled to the rents and profits of said land," and the second paragraph sought a recovery for use and occupation.

Nelsons demurred to the petition, but their demurrer was overruled; they then filed an affidavit and admitted an indebtedness of $1,000 for rent, and alleged their readiness to pay it, but averred that the present appellants, the heirs and devisees of Mrs. Graves, were claiming it, and sought to compel the appellee to interplead with them. The court overruled that motion, and thereupon the appellants presented their petition to be made parties, and were permitted to come in; and on hearing the court adjudged that the appellee was entitled to the rent and rendered judgment in his favor against Nelsons, and the appellants prosecute this appeal to reverse that judgment.

They complain that the court erred in not adjudging that the appellee had no right to sue on the covenant executed to them, and that he was not compelled to elect whether he would prosecute the first or second paragraph of his petition. Nelsons do not appeal, and the appellants were not prejudiced by these rulings, and it is unnecessary

to inquire into their correctness. It does not matter to them what judgment has been rendered against Nelson. All they are interested in knowing is whether the court erred in deciding that they were not entitled to the rent.

Whatever may be the correct rule in respect to a purchaser under a coerced sale, the case of *Epperson v. Blakemore*, 2 Bush 241, has decided that a voluntary alienation entitles the alienee to the rents falling due after alienation. In this case, although the sale was made under a judgment, it was a sale in which the court acted for and at the instance of the owners, and should be treated as if they had made the sale directly and in person. The mere form of the sale rendered necessary by the disability of two of the joint owners did not change its real character.

Judgment *affirmed*.

*R. A. Thornton, W. W. Beckner, for appellants.*

*Haggard & Jones, for appellee.*