Per Curiam.

Though the verbal contract, upon which this action is brought, was not a specific part of the bargain for the land, and did not affect the price, yet it appears that it was an inducement for the plaintiff to make the purchase ; it is then founded upon a sufficient consideration. The defendant objects that it is illegal, being in restraint of trade ; but such *209 agreements, where the restriction is confined to small limits, are not against the policy of the law. [1] The admission of paroi evidence to prove the contract was likewise objected to, but we do not consider the evidence as inconsistent with the deed or as affecting the conveyance of real estate.
A new trial must however be granted, because the jury, in assess,g damages, did not confine themselves to the' period before the action was commenced.[2] It is said that we cannot interfere with the verdict, upon the declarations of jurors in regard to their proceedings, but that the evidence should come aliunde. The Court are not disposed to disturb verdicts by making unnecessary inquiries, but where the judge is surprised by the verdict, it is not unusual to ask the jury upon what principle it was found.[3] Here the principle upon which they proceeded was incorrect.

New trial granted.

 See 1 Story’s Comm. Eq. 289, 290; Palmer v. Stebbins, 3 Pick. (2nd ed.) 193, note 1, and cases there cited; Mger v. Thacker, decided in Suffolk, March term 1837; Nobles v. Bates, 7 Cowen, 307; Pyke v. Thomas, 4 Bibo, 486.

 See Powers v. Ware, 4 Pick. (2nd ed.) 107, note 1.

 See Dorr v. Fenno, 12 Pick. 526; Parrott v Thacker, 9 Pick. 426; State v Hascall, 6 N. Hampsh. it. 361; Hix v. Drury, 5 Pick. (2nd ed.) 302, note 1.