JENKS vs. THE STATE.

| 17 | 665 |
|----|-----|
| 79 | 509 |
| 17 | 665 |
| 116 | ³272 |

Where the facts alleged in an indictment for a nuisance constitute an offense against the statute *wherever committed,* no greater particularity is required in stating the *place* than is required in respect to other offenses; and it is sufficient to state the *city* in which the nuisance was maintained.

A general exception to a charge involving several distinct legal propositions, is insufficient.

An exception to an instruction or refusal to instruct must be taken at the time, and in such a manner as to call the judge's attention to the point complained of; and it is not sufficient, after a general exception to the whole charge at the time it is given, to file written exceptions, on a subsequent day, to several particular rulings of the court.

ERROR to the Municipal Court of the City and County of *Milwaukee.*

The plaintiff in error was indicted in said court at the October term, 1862, for keeping a house of ill fame, " at the city of Milwaukee in the county of Milwaukee." At the trial, she objected to the reception of any evidence, and moved to quash the indictment, on the ground that the offense was not sufficiently charged therein. Motion denied. It appeared, among other things, from the evidence on the part of the prosecution, that wine and other intoxicating drinks were carried into the house occupied by the accused (and alleged to have been kept by her as a house of prostitution), " and were drunk there by divers persons at different times as well by night as by day," and that this was done with her knowledge. The defendant offered in evidence certain licenses granted to her for the sale of intoxicating liquors at retail in said house ; and then called

as a witness one Rinsdorff, a member of a firm of wholesale wine and liquor merchants in said city, and asked him whether said firm, within the time laid in the indictment and covered by said licenses, had sold and delivered to the defendant any intoxicating liquors. The question was objected to by the prosecution, and ruled out.—The other facts upon which the questions here decided arose, will appear from the opinion of the court. The jury found a verdict of guilty; a motion in arrest of judgment was denied, and judgment rendered upon the verdict.

*E. Fox Cook*, for plaintiff in error.

*The Attorney General*, for the state.

*By the Court*, PAINE, J. It is claimed by the plaintiff in error that the judgment should have been arrested for the insufficiency of the indictment, in not stating more particularly the place where the house of ill fame was kept, the allegation being a general one, that it was kept in the city of Milwaukee. But there are no authorities sustaining such a position.

It is true that in indictments for some nuisances, it would be necessary to set forth the location of the premises, and the relation of the nuisance to other premises which were affected by it, in order to show that there was any nuisance at all. An instance of this would be the carrying on of an offensive trade or business in the vicinity of another's dwelling. But where the acts alleged constitute an offense against the statute, whereever committed, there is no reason for greater particularity in stating the place than is required in respect to other offenses. This point was expressly decided in *The State vs. Stevens*, 40 Maine, 559; and the same form of allegation was used in the indictment in *Commonwealth vs. Ashley*, 2 Gray (Mass.), 356, and in several other cases that might be referred to, where no objection was made upon that ground.

There was no error in rejecting the evidence offered on the trial to show that the witness had sold intoxicating liquors to

the prisoner. It was wholly immaterial. It had appeared incidentally on the part of the prosecution that liquors had been drunk at her house. And as the indictment had no connection with selling liquors, or getting them unlawfully, it was wholly immaterial how or of whom she procured them. If it was offered to rebut evidence given by the prosecution, that she had allowed other persons to bring liquors to her house and drink them there, it had no tendency to disprove that fact.

Several questions were argued here, which, it was claimed, arose upon instructions asked by the prisoner's counsel and refused by the court below. But there was no proper exception taken to present any of these questions for review here. Seven specific instructions were asked, some of which were given and some partially refused or modified. At the conclusion, the record shows that the defendant "did except to said charge." There was no exception to the refusals; and it has been too often decided that a general exception to a charge involving more than one legal proposition is insufficient, to need a reference to cases here.

It is true, it further appears that, several days afterwards, and after a motion in arrest of judgment had been argued and overruled, the prisoner's counsel filed written exceptions to several rulings of the court, and, among others, to the refusals to charge as requested. But this was clearly unavailing for the purpose of reviewing those refusals. For that purpose the exceptions must be taken at the time, and in such a manner as to call the judge's attention to the part complained of, that he may correct the error, if he should be satisfied there was one.

Judgment should be entered on the verdict.