SCHULTZ VS. THE CHICAGO, MILWAUKEE & ST. PAUL RAILWAY
COMPANY.

*January 12 — February 3, 1880.*

RAILROADS. *(1) When company liable for injury to employee from negligence.*

SPECIAL VERDICT. *(2) Waiver of objection.*

EXCESSIVE DAMAGES. *(3) Defendant's right to new trial in case of excessive damages. (4) Damages awarded in this case held not excessive.*

1. Prior to ch. 173 of 1875 plaintiff was injured by a defective pile-driver while in the employ of the defendant company as one of a crew engaged in working such machine under L., defendant's foreman in charge of the driver, who had full authority to have it repaired when out of repair, and to hire and discharge the crew, and who knew that the machine was in a dangerous condition, in time to have it repaired before the injury. *Held*, that the foreman's negligence was the negligence of the defendant, and rendered it liable for the injury. *Brabbits v. Railway Co.*, 38 Wis., 289.

2. Where defendant demanded generally, in due time, a special verdict (under R. S., sec. 2858), and the court thereupon submitted to the jury, for a special verdict, one only of several questions of fact involved in the issue and upon which there was conflicting evidence, and submitted the other questions for a general verdict upon proper instructions, and defendant, excepting to the particular question so specially submitted, and to the general instructions, did not specifically object to the failure of the court to submit other questions for special answers: *Held*, that the objection was *waived*.

3. In case of a verdict for excessive damages, where the jury appear not to have been influenced by prejudice, passion or bias, a new trial may be granted, unless plaintiff remit the excess; but the court should not require plaintiff to remit a portion of the damages, and at the same time deprive defendant of the benefit of the reduction unless he shall submit to onerous terms; as by directing judgment to be entered for plaintiff for the whole amount of the verdict upon his filing a stipulation that if defendant shall, within sixty days, pay him a certain smaller sum, with the costs, he will enter a full satisfaction of the judgment.

4. In view of the plaintiff's age and business at the time of the injury here in question, his previous ability to earn money by his labor, the permanent disablement of his right hand by the accident, and the pain and suffering endured, this court does not find in a verdict for $4,500 such evidence of passion or prejudice in the jury as would warrant a reversal for excessive damages.

APPEAL from the Circuit Court for *Crawford* County.

This case was here on a former appeal, and the statement of it, which will be found in 40 Wis., 589, will not be repeated here. On that appeal a judgment for the plaintiff was reversed because the question whether he was in the service of the defendant company when injured, or of John Lawler, was not submitted to the jury.

On the retrial of the action, the testimony was very similar to that introduced on the first trial, with the exception that plaintiff testified that he made no contract with Mr. Lawler; that he considered himself in the service of the company, and should have looked to the company for his wages, had not Lawler paid him; and that, although his name was on Lawler's pay-roll, he received nothing from him for his work on the bridge, until after he was injured. Lawler testified that he made no contract with the men operating the pile-driver, but with the company only, and that he paid the men directly instead of paying the company for their services, because by so doing they received their wages a month earlier. Mr. Bennett, the head carpenter of the company, who had control of Mr. Loomis, the foreman, testified that the crew of the pile-driver were not discharged, but were only turned over to Mr. Lawler to do some work.

It also appeared that the men employed on the pile-driver, including the plaintiff, were hired by Loomis, the foreman in charge of it, and that he had power to discharge them. The evidence tends to prove that Loomis knew that the pile-driver was out of repair and in a dangerous condition, in time to have had it repaired before plaintiff was injured.

At the close of the testimony, counsel for defendant requested the court " to direct the jury to find a special verdict in this case." Whereupon the court submitted to the jury the question:  "Was the plaintiff in the employ of the defendant at the time of the injury?"  The court also charged the jury, among other things, as follows:  " You will answer

this question by writing under it Yes, or No. If you write and find No, you will say: We, the jury, find for the defendant. If you write Yes, you will then inquire whether the defendant was in fault; if you find that defendant was not in fault, you will find for the defendant. If you find that the plaintiff was negligent and in fault, you will find for the defendant. If you find that the defendant was in fault because of not using ordinary care and diligence in keeping in repair its machinery, and the plaintiff was not in fault, you will find for the plaintiff such damages as you think, from the proof, that he has sustained: *provided* you answer that you think plaintiff was in the employment of the defendant. If the plaintiff was in the employment of John Lawler, the defendant is not liable for the injury complained of by plaintiff." Defendant's counsel excepted to the special question propounded to the jury, and, generally, to that portion of the charge above quoted, save the last sentence thereof. The jury returned an affirmative answer to the special question, and a general verdict for the plaintiff, assessing his damages at $4,500.

A motion for a new trial was made on behalf of the defendant, and the record discloses the following proceedings upon the motion:

" The said court did orally state that it would overrule the said motion to set aside the said verdict and for a new trial, and did further determine that the amount of the verdict of the jury herein was excessive; and the said court would sign judgment herein upon the following conditions only, to wit: That the plaintiff, in ten days from the time of signing judgment herein, file, in the office of the clerk of this court, a stipulation to the effect that, in case the defendant shall within sixty days from the time of signing said judgment pay to the plaintiff the sum of $3,000, together with the costs of this action, said plaintiff would satisfy said judgment in full."

The required stipulation was filed, and judgment was there-

upon entered for the plaintiff for the full amount of the damages assessed by the jury, and for costs. The defendant failed to comply with the conditions of such oral order and the stipulation filed pursuant thereto, and appealed from the judgment.

For the appellant, there was a brief by *Melbert B. Cary*, of counsel, and oral argument by *Mr. Cary* and *O. B. Thomas*.

For the respondent, there was a brief by *Hazelton & Provis*, and oral argument by *Mr. Provis* and *J. T. Mills*.

LYON, J. We think there is sufficient evidence in the case to support findings by the jury that the plaintiff was in the service of the defendant company when injured; that the pile-driver was in a dangerous condition at that time, and had been so to the knowledge of Loomis, the foreman, long enough for him to have had it repaired before the accident; and that the plaintiff was not guilty of any negligence contributing to cause the injury.

The evidence upon all of these propositions is conflicting, and it was peculiarly the province of the jury to determine, as to each, which way it preponderated. In returning a general verdict for the plaintiff, the jury necessarily found such propositions proved. Because there is evidence to support them, so far as the judgment rests upon them we cannot disturb it for defect of proof.

This brings us to consider the various rulings and proceedings upon which error is assigned:

1. A special verdict was demanded at the proper time on behalf of the defendant. Regularly, it thereupon became the duty of the court to submit to the jury questions of fact in writing, covering all of the material issues in the case upon which there was any conflict of evidence. R. S., 760, sec. 2858; *Hutchinson v. Railway Co.*, 41 Wis., 541. The court thus submitted a single question, to wit, whether the plaintiff, when injured, was in the service of defendant, and failed to

Schultz vs. The Chicago, Milwaukee & St. Paul R'y Co.

submit specially other material controverted questions of fact in issue in the case.

Counsel for defendant objected generally to the question submitted, and to a portion of the charge of the court. But no specific objection was made or exception taken to the failure of the court to submit questions covering all of the issues. The court attempted to comply with the statute. The objection only informed the court that counsel thought the question submitted an improper one. No suggestion was made that counsel thought or desired that other questions should be submitted. All other issues were in fact submitted to the jury in the general charge, and we are unable to discover any erroneous statement of the law therein.

It seems to us that under such circumstances it was the duty of counsel then and there to make the specific objection that the question submitted was not the only one in issue, and that they desired a special submission of other issues. Failing to do so, but standing by during the whole proceeding without objection or exception reaching to the irregularity, we think, and so hold, that they waived the irregularity, and cannot afterwards be heard to complain of it. Any other rule would or might render the statute giving the right to a special verdict an instrument of wrong and injustice.

2. The plaintiff received the injuries of which he complains, before the enactment of chapter 173, Laws of 1875; hence, the question whether such a case is within the provisions of that act, is not involved. The right to maintain the action depends entirely upon common-law principles.

The principles which underlie this action are thus stated in *Brabbits v. Railway Co.*, 38 Wis., 289: " It is now too well settled to admit of controversy, that a master is not liable to his servant for injuries caused by the negligence of a fellow servant in the same general employment or business. It is just as well settled that, under certain circumstances, the whole power and authority of the master is vested in an employee

or servant, in which case the negligence of such employee is the negligence of the master. This occurs most frequently when the master is a corporation aggregate, and can only perform its functions by agents or servants.

It is a verity in this case, made so by the special finding of the jury, that the plaintiff, when injured, was in the service of the defendant company. The evidence which established this fact, applies equally to Loomis, the foreman. The evidence is undisputed that Loomis was authorized by the company to employ men to work on the pile-driver, and to discharge them. It was also his duty to have the pile-driver repaired when any portion of it was out of repair or unsafe. This power and duty manifestly existed while he and the plaintiff were doing Lawler's work. Lawler testified, in substance, that had either proved unsatisfactory he would have reported them to the company to be taken away; and Loomis testified that, when doing Lawler's work, he was left on the machine as foreman; and that, although he received his instructions from Lawler, he had the management of it without interference from any one.

The above facts are mentioned for the purpose of pointing out the distinction between this case and the case of *Rourke v. The White Moss Colliery Co.*, 1 L. R., C. P. Div., 556, to which attention was called in the opinion on the former appeal.

The facts in that case are thus stated by the Lord Chief Justice COLERIDGE: "The defendants are the proprietors of a coal mine, and had been sinking a shaft themselves; but ultimately they entered into a contract with one Whittle to continue the work. The plaintiff, who up to that time had been employed by the defendants, then became the servant of Whittle, and was paid wages by him. The injury sustained by the plaintiff arose from the negligence of one Lawrence, an engineer appointed by the defendants to work a steam engine, which, under the contract with Whittle, was provided by the

defendants to facilitate the work. Lawrence, though employed and paid by the defendants, was with the engine placed under the sole orders and control of Whittle." The negligence which cause the injury was that Lawrence fell asleep at his post.

The only question in the case was, whether Lawrence was the servant of Whittle; and it was held that in the matter of operating the engine he was; and hence, being a fellow servant with the plaintiff, there could be no recovery for the injury caused by his negligence. It is not claimed that the engine was in an unsafe condition.

In the present case, had Loomis and the plaintiff both been the servants of Lawler, had the pile-driver been in proper condition, and had the plaintiff been injured by the negligence of Loomis in operating it, we should have a case more nearly like *Rourke v. The Colliery Co.* It seems to us that this case in its essential particulars is like the case of *Brabbits v. The Railway Co., supra,* and should be ruled by it. It was a duty which the defendant owed the plaintiff, to keep the pile-driver in proper repair. The defendant entrusted that duty to Loomis. By the rule established in that case, the negligence of Loomis in that behalf was the negligence of the defendant, for the consequences of which it is liable to respond in damages.

3. The learned circuit judge denied the motion for a new trial, but stated that he thought the damages assessed by the jury excessive; and he declined to sign judgment for the sum so assessed until the plaintiff stipulated to discharge the judgment if the defendant should, within sixty days after the judgment should be signed, pay thereon the sum of $3,000, together with the costs.

If the trial court is of the opinion that the jury in a cause have assessed the damages at too large a sum, and yet thinks they have not been influenced by prejudice, passion or bias, a new trial may be granted, unless the plaintiff will remit a

specified portion of the damages so assessed, and denied if he does remit the same. But if the court thinks that the excessive award of damages was the result of such improper influences, and not merely an error of fair, impartial judgment, the verdict should be set aside absolutely, and a new trial granted. Manifestly, in such a case, the vicious influences which prompted an excessive award poisons the whole verdict, and can only be counteracted by setting the verdict aside. and sending the case to an impartial jury for trial.

But we are aware of no law or rule of practice which authorizes the court to impose the terms here imposed as a condition precedent to signing judgment. The court may grant or refuse a new trial, or, in a proper case, may grant a new trial *nisi;* but should do one thing or the other. It should not, as was done in this case, require the prevailing party to remit a portion of the damage awarded, and then deprive the other party of the benefit of the reduction unless he submits to onerous terms. Had this defendant paid the $3,000 and costs, and taken a discharge of the judgment, probably it would thereby have lost the right to have the case reviewed by this court on appeal.

It was argued that because the circuit court thought the damages awarded by the jury were excessive, this court must so regard them. There might be more force in the argument if the record disclosed whether the court below thought the assessment was the result of passion or prejudice, or merely an error of fair and impartial judgment. The fact that judgment was rendered for the whole sum awarded tends to show that the court took the latter view, because, had it discovered evidences of vicious influences in the verdict, undoubtedly it would have set it aside at once. All the reasonable probabilities are that the court was of the opinion that the jury were moved by no wrong influences, but that they dispensed damages too liberally.

But, however that may be, we are clear that this court must

consider the question whether the damages are excessive as an original question, uncontrolled by the opinion of the learned circuit judge.

The fact that larger damages are awarded than the court would give, were it to assess them, is not of itself sufficient to justify a reversal of the judgment. Before the court can interfere, it must find in the verdict evidence of partiality, passion or improper bias or prejudice on the part of the jury. *Karasich v. Hasbrouck*, 28 Wis., 569, and cases cited.

The plaintiff is a laborer, and when injured was thirty years of age and was earning two dollars per day. The injury has resulted in materially and permanently impairing the use of his right hand and his ability to earn a livelihood. In such cases the courts will very seldom disturb the award of damages — perhaps never unless it is manifest that the award is grossly excessive. *Duffy v. Railway Co.*, 34 Wis., 188, and cases cited. The subject is quite fully considered in the latter case, and it is unnecessary to repeat the discussion here.

Considering the age and business of the plaintiff, his previous ability to earn money by his labor, the serious nature of the injury — the permanent disablement of his right hand, — and the pain and suffering he endured, we are constrained to say, as was said in *Karasich v. Hasbrouck, supra*, that "although it must be conceded that the jury dispensed damages with a liberal hand, yet we fail to find in their verdict such evidences of partiality, passion or improper bias or prejudice, as will authorize us to interfere and set the verdict aside as excessive." p. 577.

The foregoing observations seem to cover the whole case, and lead to an affirmance of the judgment.

*By the Court.* — Judgment affirmed.