THE RACINE BASKET MANUFACTURING COMPANY vs. KONST.

*October 13, 1880 — February 8, 1881.*

*Reversal of Judgment: Exceptions.*

1. There was both a general verdict for respondent and a special verdict; the latter was free from evasion and contradiction, and consistent with the former; there was evidence to sustain both; and no exception was taken to the instructions given. *Held*, that the only further question on appeal is, whether the court erred in refusing instructions asked by the appellant.
2. The instructions so asked and refused consisted of several propositions, one of which at least was erroneous; they were rejected in a body; and only one general exception was taken. *Held*, no error.

APPEAL from the Circuit Court for *Racine* County.

This action was in the nature of trover, for goods seized by the defendant, who is a sheriff, as the property of the Racine Veneer & Seating Company, on attachments sued out by several creditors of that corporation. The attachment suits were afterwards prosecuted to judgments, and the goods were sold by the sheriff to satisfy the same, on executions duly issued thereon. The goods in controversy were formerly the property of the Veneer & Seating Company, but, a short time

before the sheriff seized them by virtue of the attachments, that company sold or attempted to sell them to the plaintiff in part payment of an antecedent debt which·it owed the plaintiff. The question litigated on the trial was, whether that was a *bona fide* sale as against the other creditors of the vendor. A series of instructions, numbered one to seven inclusive, involving various legal propositions, was asked on behalf of the plaintiff; but the court refused to give them. A special verdict was taken in the form of answers to twenty-one specific questions submitted to the jury. There was also a general verdict for the defendant.

In answer to appropriate questions, the jury found that, at the time of the alleged purchase, the plaintiff knew that the vendor, the Veneer & Seating Company, was in failing or embarrassed circumstances, and that nearly all of its property had been levied on to satisfy the claims of its creditors; that the alleged sale of the property to the plaintiff was not a *bona fide* sale; that the plaintiff knew that the sale was made by the Veneer & Seating Company with the intent to hinder or delay its creditors; and that, until seized by the sheriff, there was no apparent change of possession of the goods. The court denied motions made on behalf of the plaintiff for a new trial, and for judgment in its favor on the verdict; and judgment was thereupon entered for the defendant pursuant to the verdict. The plaintiff appealed from the judgment.

For the appellant there was a brief by *Henry T. Fuller* and *Wm. P. Lynde*, and oral argument by *Mr. Lynde*.

For the respondent there were briefs by *John B. Winslow*, his attorney, with *John T. Fish*, of counsel, and oral argument by *Mr. Winslow*.

The following opinion was filed November 10, 1880:

LYON, J. The learned counsel for the plaintiff maintained in argument, that when property is sold by an insolvent debtor or one in failing circumstances, to his creditor to pay an ante-

cedent debt, if the sale is made for the sole purpose of paying the debt, and without any intent to defraud other creditors, it is valid as against such other creditors, although the effect of it would necessarily be, and must have been so intended, to hinder or delay them in the collection of their demands against the vendor. This is the only question argued by counsel on this appeal. The position seems to be supported by many authorities cited, and by very cogent arguments urged by the counsel.

The learned circuit judge, in his charge to the jury, evidently assumed that if the sale and purchase in question was made with the intent to hinder or delay the other creditors of the vendor, it is void as against them. This appears also in the form of the questions of fact submitted to the jury. We regret that for want of proper exceptions we cannot determine the question on this appeal. The record fails to show that any exception whatever was taken to the charge of the court, or to the form of the questions submitted to the jury. Neither was there any instruction asked, or any question proposed to be submitted to the jury, embodying the proposition for which counsel now contend. Indeed, one of the instructions asked on behalf of the plaintiff shows that the proposition was not in the mind of counsel when the cause was tried. It reads thus: "The plaintiff cannot be charged with fraud in the transaction unless you find that its agent acted in bad faith, *and with the intent to hinder and delay other creditors.*" On well-settled principles — so well settled and understood that it is quite unnecessary to cite cases thereto, — the question which has been so ably argued is not here for determination.

The exception to the refusal of the circuit judge to give the instructions prayed, is general. He refused to give them, and "plaintiff excepted." That is all there is of it. If any one of them was properly refused, the exception fails to raise the question whether others should have been given. This is also well settled. *Jenks v. The State*, 17 Wis., 665, and cases

cited in Vilas & Bryant's notes; *Harrison v. Crocker*, 39 Wis., 68. One of these instructions reads thus: "If you find from the testimony that Perkins, the managing agent of the Racine Veneer & Seating Company, called in Gorton, the managing agent of the plaintiff, and in his presence pointed out to him and set apart the goods in question, and that Gorton, as the agent of the plaintiff, then and there accepted the goods, that constituted an actual and valid delivery, and gave the plaintiff the absolute title to and control of such goods." This instruction ignores the question of fraud entirely, and is faulty for that reason if for no other.

We have looked into the special verdict, but fail to find that the answers returned by the jury to the questions submitted are in conflict with each other, or with the general verdict for the defendant, or that any of them are evasive. Further than this we cannot, on the exceptions in the record, review the findings; for no exception was taken, either to questions or answers, until after the trial. *Gillett v. The Wis. Cooperage Co.*, 44 Wis., 463; *Ward v. Busack*, 46 Wis., 407; *Barkow v. Sanger*, 47 Wis., 500; *Schultz v. Railway Co.*, 48 Wis., 375.

Clearly, the verdict supports the judgment; and, because we find no error in the record which we can properly review on this appeal, the judgment must be affirmed.

*By the Court.* — Judgment affirmed.

A motion for a rehearing was denied February 8, 1881.