## GRAVELLE *v.* MINNEAPOLIS & ST. L. RY. Co.

*(Circuit Court, D. Minnesota.   May, 1882.)*

1. NEGLIGENCE—DUTY OF EMPLOYERS—LIABILITY.

   A railroad company is bound to furnish to its employes reasonably safe and convenient machinery with which to perform their duties, and if it fails in this, and an employe is injured on that account and without fault of his own, it is liable in damages.

2. SAME—CUSTOM OF RAILROAD YARD.

   Where the custom of the railroad company was to allow links to be scattered about the yard for any employe to pick up when needed for use in coupling cars, failing to affix the link to the tender was negligence of the company and not of a fellow-servant of the employe.

3. NEW TRIAL—INSUFFICIENT GROUNDS.

   Alleged variances between the allegations and the proof do not constitute a sufficient ground for a new trial.

4. MASTER AND SERVANT—FELLOW-SERVANTS.

   Fellow-servants are such as are employed in the same service and subject to the same general control; but if a railroad company sees fit to invest one of its servants with control or superior authority over another with respect to any particular part of its business, the two are not with respect to such business fellow-servants, one being subordinate to the other.

Motion for a New Trial.

This case was tried at the last term before a jury, and resulted in a verdict in favor of the plaintiff for $3,500.   Counsel for defendant moves for a new trial because of alleged errors in the charge.

*James D. Springer,* for motion.

*A. B. Jackson* and *C. K. Davis, contra.*

McCRARY, C. J.   The defendant complains that there was error in the charge of the court upon two points, to-wit:   (1) As to the effect of the absence of the link from the tender; and (2) as to the effect of the omission of the assistant yard-master to signal the engineer to slow up when approaching the car to which the coupling was to be made.

Upon the first point the jury were charged to determine from the evidence whether the absence of the link from the tender was such a defect in the machinery as the plaintiff had no reason to apprehend; and whether its absence was an unusual thing; and whether, in consequence of it, the plaintiff was subjected to extraordinary dangers and peril.   They were also charged as follows:

"If you find that it was not unusual to have links left off the tender, then the plaintiff of course was bound to be advised of that fact, and cannot recover upon that ground; but if you find that it was the duty of the railroad

company always to have the link on the tender, and that the failure to do that was to leave the machinery in an unusually dangerous condition, the fact would give the plaintiff the right to recover."

It is suggested by counsel that the court erred in omitting from the charge a statement that the dangerous condition of the machinery caused by the absence of the link must have contributed to produce the injury before the defendant would be liable. In this the counsel overlooks what was said by the court in charging the jury immediately in connection with the clause above quoted. The jury were told, in substance, that a railroad company is bound to furnish to its employes reasonably safe and convenient machinery with which to perform their duties; and the court added:

"If they fail in this, and the employe is injured on that account, and without fault of his own, they are liable."

Taking the whole charge together I think the question was fairly submitted to the jury, whether the absence of the link rendered the machinery unsafe and dangerous, and whether the plaintiff was injured in consequence thereof.

It is further insisted that there was evidence tending to show that it was the duty of the crew, of which plaintiff was one, to keep the tender and car supplied with links, and that if this was so then the absence of the link was negligence of a fellow-servant.

As I remember the testimony on the part of defendant it tended to show that the defendant's custom was not to keep links attached to its tenders, but to leave them scattered about the yard, to be picked up and used by employes when required in coupling the tender to a car.

There was no evidence tending to show that the company made it the duty of any servant to attach the link to the tender before it was moved up for the purpose of making a coupling. It was insisted by the plaintiff, and there was testimony tending to support the contention, that it was negligence on the part of the company to manage its coupling operations in this way; and that question of fact was, I think, properly submitted to the jury.

The negligence, if there was any, in failing to affix the link to the tender was the negligence of the company, and not of a fellow-servant of plaintiff. It was the result of a custom in the yard which must be presumed to have been sanctioned by the company. It is suggested further that plaintiff did not allege in his petition, as an independent ground for recovery, that the machinery was defective

on account of the absence of a link, or that the defendant was negligent in respect thereto, or had notice thereof.

The petition avers in general terms that the "plaintiff, without fault or negligence on his part, was hurt and injured, in the manner hereinafter set forth, through the negligence, recklessness, and unlawful acts and omissions of the defendant."

Whether, under such an allegation, any act of negligence, or any fact constituting negligence, not specifically set out in the petition, can be proved on trial, may be a question of some doubt; but it is not necessary to determine it upon this motion. Nor is it necessary to determine whether, upon a critical examination of the other allegations of the petition, it would appear with sufficient certainty that the plaintiff alleged the fact of the absence of the link from the tender as constituting negligence on the part of the defendant. It is sufficient, for the purposes of this motion, to say that these alleged variances between the allegations and the proof do not constitute a sufficient ground for granting a new trial.

The variance between the proof and the pleadings will seldom or never be ground for a new trial. 3 Grah. & Wat. New Trials, 970.

The reason for this rule is very apparent, and is one of great public importance. The parties are presumed to know what the record contains. If, on the trial, evidence be offered which is not pertinent to the issue joined, it is the duty of the party against whom such evidence is offered to object then and there. If the objection be well founded the court may, in furtherance of justice, permit an amendment of the pleadings so as to allow the evidence to be offered upon such terms as may be reasonable and just. I do not, of course, say that a verdict can be upheld where the proof goes to establish a cause of action altogether different from that set forth in the record; but I am clearly of the opinion that in a case like the present, where there is clearly an allegation of negligence by the defendant, and of injury to the plaintiff resulting therefrom, and the question raised for the first time upon a motion for a new trial is simply as to whether that allegation is sufficiently definite and specific, the court must hold that the objection comes too late.

The defendant complains that the court erred in charging the jury, as a matter of law, that if the assistant yard-master was present, giving directions as to the manner of making the couplings, it was his duty to know if the engine was approaching at a dangerous rate of speed, and to give directions to check it.

It is insisted that the court took upon itself the responsibility of deciding the question of negligence. The counsel labors under a misapprehension. From an examination of the charge it will be seen that the court assumed the existence of no particular facts, but stated fully and plainly the claims of the respective parties.

With respect to the duty devolving upon Mr. McCummings, the assistant yard-master, if he was present, and if the plaintiff was acting under his directions, the court said to the jury:

"If you find that he was there giving directions, and that his attention was directed, or ought to have been directed, to the approaching engine, and that he failed to give the proper direction to check its speed; and if you find that this was negligence on his part which resulted in injury to the plaintiff, without any fault on the part of the plaintiff,—then you will come to the question which I have stated to you, whether Mr. McCummings, the assistant yard-master, was within the rule which I have stated; that is, whether he was a fellow-servant engaged in the same common service with plaintiff, or whether he was there on the part of the company."

By this language the court submitted to the jury simply the question whether, as a matter of fact, under the evidence, Mr. McCummings was guilty of negligence, leaving for subsequent consideration by the jury the question whether the plaintiff was entitled to recover by reason of such negligence on the part of McCummings; or, in other words, the question whether the plaintiff and McCummings were fellow-servants in the same common employment. There was, therefore, no error in this part of the charge.

This brings us to an important question discussed by counsel, both on the trial of the case and on this motion, which is this: Can a railroad company be held liable to one of its employes for injuries resulting from the negligence of another, in a case where the former has been placed by the company under the control and direction of the latter, and has been injured by reason of the latter's negligence, and while executing his orders? Upon this subject the rule given in the charge is as follows:

"Fellow-servants, within the meaning of the law, are such as are employed in the same service and subject to the same general control. But if a railroad company sees fit to invest one of its servants with control or superior authority over another with respect to any particular part of its business, the two are not, with respect to such business, fellow-servants within the meaning of the law. One is in such a case subordinate to the other, and the superior stands in the place of the corporation."

I am aware that the authorities upon this subject are not uniform, but I have considered it maturely in this case, as well as in some

others which have been tried in this court, and I am content, without going now into any discussion of the question, to adhere to the rule as above laid down. I think the conclusion I have reached is well supported by reason, by considerations of public policy, and by the following authorities: *Railroad Co.* v. *Fort,* 17 Wall. 557; Woods, Master & Servant, §§ 390–436, 438, 439; Cooley, Torts, 555; 2 Thomps. Neg. 976; *Stoddard* v. *St. L. R. Co.* 65 Mo. 514; *Hough* v. *Railroad Co.* 100 U. S. 213; *Ross* v. *Railroad Co.* 8 FED. REP. 544; *Ry. Co.* v. *Bayfield,* 37 Mich. 205; *Thompson* v. *Herman,* 47 Wis. 602; [S. C. 3 N. W. Rep. (N. S.) 579;] *Flike* v. *Railroad Co.* 53 N. Y. 553; *Corcoran* v. *Holbrook,* 59 N. Y. 517; *Schultz* v. *Railroad Co.* 48 Wis. 375; [S. C. 4 N. W. Rep. 399.]

The motion for a new trial must be overruled, and it is so ordered.

S. C. 10 FED. REP. 711. See *Hough* v. *Texas & P. R. Co.,* notes of cases, *post.*