Kenyon vs. Kenyon and others.

---

·KENYON, Respondent, vs. KENYON and others, Appellants.

*September 4 — September 18, 1888.*

*(1) Appeal to S. C.: Special verdict: Failure to submit question not in issue. (2) Evidence: Contract: Cross-examination. (3) Counterclaim.*

1. The question whether the contract in suit had been rescinded was not made an issue by the pleadings, and neither party asked that it be submitted to the jury. *Held*, that the failure to submit that question as a part of the special verdict cannot be alleged as error even though there was some slight evidence tending to show such rescission.

2. One of the defendants, who was sought to be held liable on an alleged joint contract to contribute to the support of his father's sister, testified that his father alone was liable on the contract. *Held*, that it was proper to ask him, on cross-examination, whether his father had not made a distribution of his property among his children, as, if he had received a share of his father's estate, it would be more likely that he had assumed the alleged obligation.

3. The plaintiff agreed to pay one half the cost of supporting his sister and the defendants agreed to pay the other half. The defendant S. boarded the sister at an expense of $80, of which, under the contract, the plaintiff should have paid $40. He paid nothing, but S. was paid $60 on account of such board by the defendant K. Subsequently the plaintiff supported the sister. In this action to recover one half of the cost of such subsequent support, *held*, that the defendants should have credit for the $20 remaining due to S. for the board above mentioned, but not for the $20 paid by K. to S. in excess of one half the cost of such board. For that sum K. had, at best, a claim against the plaintiff as for money paid for his use and benefit, and, no counterclaim therefor being set up, it could not be recovered in this action.

APPEAL from the Circuit Court for *Walworth* County.

The action was brought by *J. T. Kenyon* against *J. N. Kenyon, F. E. Kenyon,* and *O. A. Salisbury,* to recover one half of the value of the support of one Eunice Kenyon, a sister of the plaintiff and of the defendant *J. N. Kenyon.* The plaintiff had a judgment for $160.92, from which the defendants have appealed. The principal facts are stated in the opinion. The evidence therein referred to, offered by defendants and excluded, was as follows:

1. Some time after the making of the agreement upon which this action was brought, it was arranged that Eunice should board with a Mrs. Stewart, who agreed to take her at three dollars per week, the plaintiff and the defendant *J. N. Kenyon* becoming responsible therefor and each, as between themselves, to pay one half. The plaintiff testified as to this arrangement. On cross-examination he was asked: "Didn't you, within three weeks from the time that

you were there, refuse to pay Mrs. Stewart?" An objection to this question was sustained.

2, 3. Eunice Kenyon, as a witness for the plaintiff, was questioned, on cross-examination, as to conversations between her and the plaintiff, or between the parties in her presence, which had not been referred to in her direct examination. These questions were objected to and excluded as not proper cross-examination.

The first four instructions asked by the defendants, and which the court refused to give, were as follows:

"1. I instruct you that if the plaintiff, *J. T. Kenyon*, agreed to pay one half of the expense of keeping his sister Eunice from June 2, 188-t, and he afterwards refused to pay his portion thereof to *Salisbury*, or to any one for *Salibsury*, or that he stated to *J. N. Kenyon* that he would not pay the same, the defendants could consider the contract rescinded, and they were no longer bound by it, and the plaintiff in this case, in that event, could not recover.

"2. I instruct you that under the testimony in this case if the plaintiff is entitled to recover for the keeping of Eunice Kenyon, he is only entitled to recover one half of the expense of keeping her from the 28th day of October, 1884, until the 20th day of October, 1885.

"3. The plaintiff is obliged to give credit to the defendant *J. N. Kenyon* for his portion of the $25 from the brother in Dakota.

"4. If the plaintiff failed to comply with the terms of the contract made June 2, 1884, by refusing to pay his portion thereunder, the defendants could treat the contract as rescinded, and in that event the plaintiff could not recover."

For the appellants there was a brief by *Fethers, Jeffris & Fifield*, and oral argument by *M. G. Jeffris*.

For the respondent there was a brief by *Winans & Hyzer*, and oral argument by *John Winans*.

Kenyon vs. Kenyon and others.

TAYLOR, J. The respondent brought an action in the circuit court against the appellants to recover from them one half of the value of the board, lodging, and care of an indigent sister of the respondent and the appellant *J. N. Kenyon*, and the aunt of *F. E. Kenyon* and of the wife of *O. A. Salisbury*. The principal controversy on the trial was the allegation of the plaintiff in his complaint that the defendants had jointly agreed with him to contribute one half of the expense of the support of said indigent sister and aunt,— the defendants claiming that the contract for the support of said sister was a separate contract between the two brothers, *J. T. Kenyon* and *J. N. Kenyon*, and that the other defendants never made any contract with the plaintiff by which they jointly with *J. N. Kenyon* agreed to pay any part of the cost of the support of the indigent sister.

On the trial evidence was given by the plaintiff strongly tending to prove that the defendants jointly agreed with the plaintiff to pay half the expense of the support of the sister, and on the part of the defendants the evidence tended to show that the agreement was made with the defendant *J. N. Kenyon* alone. The question whether the contract was a joint contract by all the defendants was submitted to the jury as one of the questions for them to answer by their special verdict, and they found that the contract was a joint one, made by all the defendants. On this appeal there is no contention that the verdict is not supported by the evidence, and it is not contended that such finding is against the weight of evidence; nor is there any serious contention made that the verdict in favor of the plaintiff is for too large a sum, if the defendants are jointly liable as contended for by the plaintiff.

The defendants also claim that they made the point on the trial, and insist upon it in this court, that if it be admitted that there was at one time a contract between the plaintiff and the defendants jointly for the support of the

sister and aunt, such contract was afterwards rescinded by the parties before the claim of the plaintiff, or at least before some part of it, arose, and so they allege the plaintiff ought not to have recovered for that part of his claim which arose after the contract was rescinded. It was urged on the argument in this court that the circuit judge refused to submit the question of the rescission of the contract to the jury as a part of their special verdict, and this is assigned as error. We do not find anything in the printed case which shows that the defendants asked that the question whether the parties had rescinded the joint contract, if one had been made, should be submitted to the jury as a part of the special verdict. In examining the bill of exceptions it appears that the defendants proposed a form for a special verdict, and in that the jury were not asked to find whether the contract made between the parties, June 2, 1884, had or had not been rescinded by the parties thereto. In examining the answers of the defendants it will appear that no claim was made by them, or either of them, that the contract of June 2, 1884, was ever rescinded.

The question whether that contract had been rescinded was not made an issue by the pleadings, nor was it asked to be submitted to the jury by either party. In this state of the case it cannot now be alleged as error that such question was not submitted, even though there might be some slight evidence in the record tending to show such rescission. The evidence would probably have been excluded under the pleadings had it been objected to; and no amendment of the pleadings having been asked for, and no request made to have the question as an issue of fact in the case submitted to the jury, that it was not submitted cannot be urged as error in this court. Had that issue been made by the pleadings, and had there been evidence to support such issue given on the trial, and had the court omitted to submit it to the jury, a different question would be presented; but

whether such an omission would have been error sufficient to reverse the judgment we do not decide in this case. We simply say there was no error in this case, because the issue was not made by the pleadings, and because neither party requested a submission of the question upon the evidence. See *Schultz v. C., M. & St. P. R. Co.* 48 Wis. 375, 379; *Hutchinson v. C. & N. W. R. Co.* 41 Wis. 541; *Pratt v. Peck,* 65 Wis. 471; *Kerkhof v. Atlas Paper Co.* 68 Wis. 676.

The appellants claim that the court erred in permitting *F. E. Kenyon,* one of the defendants, as a witness for the defendants, to be asked the following question on his cross-examination: "Had he [meaning *J. N. Kenyon*] distributed his property among his children?" This question was objected to by the defendants, and the witness was allowed to answer. We think the question was admissible as cross-examination. The witness was one of the defendants and a son of the defendant *J. N. Kenyon.* He had testified on his direct examination in regard to the contract which the plaintiff had alleged to have been made with all three of the defendants, and in his testimony he stated that the contract was made with *J. N. Kenyon* alone, and not with him or *Salisbury.* We think the evidence admissible on cross-examination as tending to show some reason for the claim of the plaintiff that the witness was a party to the contract. Having received a share of his father's estate, he would be more likely to have assumed an obligation which rested with peculiar force upon the father, rather than upon the son or son-in-law. The evidence bore upon the question of the credibility of the testimony given in his direct examination, and it was not error to admit it.

The objections to the evidence offered by the defendants were properly sustained. The first question objected to was immaterial under the issues in the case. The second and the third questions objected to were properly excluded as not a proper cross-examination of the witness, and the fourth and fifth questions were questions put to the defendant

*J. N. Kenyon*, as a witness in his own behalf, asking him to detail a conversation he claims to have had with Eunice Kenyon, the invalid sister, about the contract made for her support. Eunice Kenyon had been a witness for the plaintiff, and neither in her direct nor cross-examination had she been questioned as to any conversation between herself and the defendant *J. N. Kenyon*. Clearly it was incompetent evidence for the defendant to detail a conversation he had had with a stranger to the action.

It is also alleged as error that the court refused certain instructions requested by the defendants. The first instruction asked and refused had no relation to any question which had been submitted to the jury, and was properly refused for that reason. The second instruction asked would, if given, have taken from the jury a controverted fact upon which they were to pass. The third instruction asked and refused is no error, because in rendering the judgment the defendant obtained the credit asked for in the instruction. The fourth instruction asked referred to a matter not to be passed upon by the jury, and was consequently properly refused. The fifth, sixth, and seventh instructions asked were substantially given in the general instructions to the jury. The defendants are not injured by the refusal to give them in the specific form requested by defendants. We think the special verdict covered all the material issues raised by the pleadings, and the defendants not having requested the submission of the question supposed to be supported by some evidence in the case outside of the issues made by the pleadings, there was no error in not submitting such question to the jury.

The eighth error assigned is that the court erred in not giving the defendants credit for the sum of $20 which it was claimed *J. N. Kenyon* had paid for the support of his sister to *Salisbury* for boarding her twenty weeks. The evidence tended to show and the jury found that *Salisbury* had boarded and cared for the sister twenty weeks after the

contract was made as claimed by the plaintiff, and that under the contract the plaintiff should have paid $40 for such board. The evidence showed that he had paid no part of the $40. The evidence also showed that *Salisbury* had been paid $60 by *J. N. Kenyon* on account of this board, leaving due to him $20. The court allowed the defendants the $20 due to *Salisbury* for this board, but did not allow the $20 paid by *J. N. Kenyon* in excess of half the amount due for such board paid by said defendant *Kenyon*. It is said the learned circuit judge refused to allow this $20 paid by *J. N. Kenyon* because he had not claimed it as a counterclaim due to him from the plaintiff. Although the plaintiff is, under the findings of the jury, bound to pay one half of the claim of *Salisbury* for the board and support of his sister, he is only liable to pay such sum to *Salisbury*. All parties seem to agree that the contract for the support of the sister was not a joint contract between the plaintiff and the defendants to pay for her support, but a contract that the plaintiff should pay one half of the cost of her support, and the defendants should pay the other half. They were to be severally liable for one half of the expense of her support, and not jointly liable for the entire cost of her support. If, therefore, the defendant *J. N. Kenyon* paid *Salisbury* more than the half of the cost of boarding the sister for the twenty weeks she boarded with him, he would at best have a claim against the plaintiff for money paid out for his use and benefit, and must therefore set it up as a counterclaim, if it can be recovered at all in this action. Strictly, under the pleadings, the court was right in not allowing the defendant *J. N. Kenyon* the credit for the $20 alleged to have been paid to *Salisbury*.

On the whole case substantial justice seems to have been done.

*By the Court.*— The judgment of the circuit court is affirmed.