ZITSKE, Respondent, vs. GROHN, Appellant.

*March 26—April 17, 1906*

*Evidence: Mental conclusion: Appeal: Exceptions: Contracts: Meet-
ing of minds.*

1. The question being whether defendant had agreed to pay plaint-
   iff a commission for procuring a purchaser for certain land, it
   was error to permit the purchaser, as a witness, to give his
   mental conclusion as to plaintiff's relation to the sale.
2. A general exception to the refusal to give several requested in-
   structions is not available if any of such instructions were in-
   correct.
3. To warrant a jury in finding the existence of an oral contract
   the evidence must show that the minds of the parties met on
   the same proposition, but it is not necessary that they should
   have met "on express words clearly expressed."

APPEAL from a judgment of the circuit court for Shawano
county: JOHN GOODLAND, Circuit Judge.   *Reversed.*

*E. V. Werner,* for the appellant.

For the respondent there was a brief by *F. Y. King,* attorney, and *R. N. Van Doren,* of counsel, and oral argument by *Mr. King.*

WINSLOW, J. The plaintiff sued to recover a commission upon the sale of real estate. He claimed that the defendant orally agreed that, if he produced a purchaser for a certain eighty acres of land owned by defendant, he (plaintiff) should have all it sold for over $1,200 as his commission. The defendant admitted having a conversation with the plaintiff about the sale of the land, but denied any agreement to pay a commission, and claimed that plaintiff simply inquired the price of the land, and he told him $1,200, and that the conversation took place on Sunday. It was undisputed that shortly afterward the plaintiff produced one Thompson, to whom the defendant sold the land for $1,500, and that the defendant had refused to pay plaintiff any commission. The jury returned a verdict for the plaintiff for $300 and interest, and from judgment on the verdict the defendant appeals.

Several rulings upon evidence are assigned as error, but we find but one which can be considered as prejudicial or which deserves discussion. The question at issue was whether the commission agreement was made. There was no doubt that the plaintiff actually produced a purchaser. Thompson, the purchaser, was called as a witness for the plaintiff. After testifying that he and *Zitske* went to see the land with *Grohn,* and that he negotiated with *Grohn* and finally bought it for $1,500, he was asked by plaintiff's counsel what he understood at that time as to *Zitske's* relations to the land and to the defendant in the deal. This question was objected to as incompetent and as calling for a conclusion, and the objection was overruled, and he answered that he understood that he (plaintiff) had the sale of the land. This was certainly prejudicial error. The witness was allowed to

give his mental conclusion as to the disputed fact in the case. He had already stated that he did not remember that *Grohn* said anything about *Zitske;* but, even if anything had been said, it would not be competent for him to give his conclusion as to *Zitske's* relation to the sale, but. simply to testify to what was actually said and done. It was for the jury to say what conclusion should be drawn from the acts and words of the parties. This is elementary. The. answer allowed the witness to usurp, so far as he could, the province of the jury, and was necessarily prejudicial.

It will not be necessary to reproduce the charge of the court, as there were no exceptions taken to it. Several additional instructions were asked by the defendant, which were refused *in toto,* and a general exception was taken to this blanket refusal. If any of the instructions so requested were incorrect, there was no error which can be successfully urged where the exception is general. *Racine B. Mfg. Co. v. Konst,* 51 Wis. 156, 7 N. W. 254. One of these instructions was as follows:

"If the parties' minds did not meet on express words, clearly expressed, and if the conditions were not assented or consented to by both parties at the same time and in the same sense, then there was no contract and you should find for the defendant."

This instruction lays down entirely too strict a test as to what is necessary in order to find the existence of a contract by parol. It is true that the evidence must show that the minds of the parties met on the same proposition, but it cannot be said that it is necessary that they meet "on express words clearly expressed." Oral contracts are frequently found to exist where the words used were not clearly expressed, or were ambiguous, or where some elements are left to implication. There must be words and acts justifying the conclusion that the minds of the parties met and agreed on the same proposition, but it is not necessary that the words

used be always clearly expressed. They may have been ambiguous or uncertain, and yet, if it can be determined from the words, viewed in the light of the acts of the parties and the surrounding circumstances, that the minds of the parties met, there will be a contract. Had a proper instruction been requested upon this proposition, it should certainly have been given, because the matter was not covered by the general charge, and the case is one where such an instruction was peculiarly appropriate. As the record stands, however, there was no error in this respect.

*By the Court.*—Judgment reversed, and action remanded for a new trial.

CASSODAY, C. J., took no part.