LAZAR, Respondent, vs. BERG, Appellant.

*January 12—February 6, 1923.*

*Sales: Bill of sale: Parol evidence: Conveyance of good will: Agreement not to compete: Sufficiency of evidence.*

1. Parol evidence is admissible to show that one who sold the equipment and supplies of a laundry by a bill of sale containing the usual warranty of present good title also sold the good will of the business and agreed not to compete with the buyer, none of the terms of the bill of sale, which the evidence showed was but the means by which part of the sale was consummated, being impeached, impaired, or contradicted.

2. Where no one or more writings showed on inspection that the agreement of the parties was all therein contained, an admission in the answer that defendant had agreed to stay with the plaintiff for three weeks to teach him the business and that he had done so was an express recognition that some part at least of the agreement rested in parol.

3. The evidence in this case is *held* sufficient to warrant findings of the jury that as part of the consideration of the sale defendant conveyed the good will of the business and agreed not to engage in competition, even though express language to such effect was not used.

APPEAL from a judgment of the circuit court for Outagamie county: EDGAR V. WERNER, Circuit Judge. *Affirmed.*

For some years prior to September, 1920, the defendant had conducted a substantial and lucrative laundry business in the city of Appleton known as the National. He decided to dispose of said business and placed the same with an agent for that purpose. Through such agent plaintiff met defendant, and after several days' negotiations and examination of the business an agreement was made between the parties. The defendant at the time owned real estate on which was situated the building in which the laundry business was conducted and also a piece on the opposite side of the street on which was a garage and stable used with the

laundry. Negotiations were also had with reference to the leasing by defendant to plaintiff of the said pieces of real estate. September 20, 1920, a bill of sale on the usual form was executed and delivered by defendant to plaintiff reciting a consideration of $11,060 for the sale and transfer of a specified lot of machinery in connection with the laundry business, including a boiler, engine, pumps, a truck and liability insurance on it, as well as other personal property. There was in such bill of sale the usual covenant by such vendor that he was the lawful owner of the property, that the same was free from all incumbrances, that he had good right to sell the same, and will warrant and defend the property so sold against the lawful claims and demands of all persons. At the same time the defendant and his wife and plaintiff executed two certain leases, each for the period of ten years, one for the laundry building at an annual rental of $1,440, and the other for the barn and garage property at an annual rental of $240, each lease containing the usual covenants and conditions, none of which are material here.

These papers, prior to the signature, were examined by plaintiff, and then, pursuant to the only suggestion he made as to such writings, a clause was inserted in each of the leases to the effect that in the event of any proposed sale of the premises during the period of such leases plaintiff was to have an option to purchase. The plaintiff paid a substantial amount of cash on such sale and gave his promissory notes for the agreed balance, securing the same by chattel mortgage.

The defendant, after assisting the plaintiff in looking after the business for several weeks according to agreement, then, pursuant to his intention expressed to plaintiff prior to and at the time of the sale, left for California after offering his household property for sale, but not finding conditions satisfactory there returned to Appleton about De-

cember 10th of the same year. About March 19, 1921, he purchased another laundry in Appleton which had been in operation for a number of years until just prior to this time. After remodeling such other laundry he opened it for business about June 20, 1921, announcing that fact· to the public. He employed a driver who had worked for him prior to his sale to the plaintiff and obtained through him and otherwise some of the customers that had formerly dealt with him.

The plaintiff brought this action July 12, 1921, to recover damages for defendant's competition by his re-engaging in the business contrary to what· plaintiff .claimed was agreed between them. Defendant by answer admitted, among other things, the sale of the laundry equipment and supplies, the making of the leases and his purchase of another laundry, but specifically denied that he ever agreed that he would not at any time thereafter set up or carry on .a laundry business in Appleton.

The substance of the special·verdict as answered by the jury was as follows:

(1) The defendant, as part of the consideration of the sale of the laundry equipment, supplies, and the leases of the premises, sold and conveyed to the plaintiff the good will of the laundry business.

(2) As a further part of the consideration of such sale defendant agreed not to enter into the laundry business directly or indirectly within the city of Appleton in competition with the plaintiff's laundry business so purchased during the time the plaintiff operated and continued it and during the period of the leases given.

(3) That such agreement as so found in the second question, considering the character of the business, was a reasonable restraint of trade as to time, place, and territory.

(4) That the defendant did solicit customers of the plaintiff and entered into competition with the plaintiff prior to the commencement of the action.

(5) Plaintiff's damages $1,900.

Upon motions made by the respective parties after verdict those of the defendant were denied and judgment was directed in favor of the plaintiff for the said sum of $1,900 and costs. From such judgment the defendant has appealed.

For the appellant there was a brief by *Morgan & Johns* of Appleton, and oral argument by *John Morgan.*

For the respondent there was a brief by *Bradford & Bradford* of Appleton, and oral argument by *Alfred S. Bradford* and *Francis S. Bradford.*

ESCHWEILER, J. Defendant contends that the existence of the written bill of sale with its recital of the consideration, the personal property sold, and the warranty of title excludes as incompetent the oral testimony upon which alone the answers to the first two questions of the verdict relating to the alleged sale of the good will and agreement not to engage in the same business can be supported, if at all.

Very clearly here was a situation where no one or more writings showed on inspection that the agreement was all therein contained. The answer admitting as it did that defendant agreed to stay with the plaintiff for three weeks to teach him the business, as was stated in the complaint, and reciting that defendant carried out this part of the agreement, such promise not appearing in any of the writings, was an express recognition that some at least of their agreement rested in parol. The bill of sale signed by defendant alone was but the means by which a part of the agreement was effectuated. None of the oral evidence received impeached, impaired, or contradicted any of the terms of the bill of sale. The usual warranty of present good title to the personal property contained in that instrument in no wise included or excluded the other conditions the oral evidence tended to show.

There was therefore no violation of the established rules of evidence in the admission of the evidence on any of the grounds of the objections by defendant. *Kipp v. Laun,* 146 Wis. 591, 597, 131 N. W. 418, and cases there cited; *Red*

*Wing Mfg. Co. v. Moe,* 62 Wis. 240, 22 N. W. 414; *Pierce v. Woodward,* 23 Mass. 206; *Locke v. Murdoch,* 20 New Mex. 522, 151 Pac. 298, L. R. A. 1917B, 267, note at p. 276; *Fusting v. Sullivan,* 41 Md. 162.

The cases cited by defendant on this proposition are none contrary to or inconsistent with the position here taken.  In some, other writings than a mere conveyance were construed, in others the bill of sale included by express language the good will of the business, and the question was then presented and discussed whether such express clause would permit of reliance upon an alleged implied covenant or an oral promise that the vendor would not enter into competition.  One such cited case, *Bassett v. Percival,* 87 Mass. 345, has been expressly modified or in effect overruled by later cases, as it is pointed out in *Marshall Eng. Co. v. New Marshall Eng. Co.* 203 Mass. 410, 421, 89 N. E. 548.

Defendant further contends that the oral evidence, if admissible, does not warrant the sustaining of the jury's two findings to the effect that as a part of the consideration paid by plaintiff to defendant there was included the sale by defendant of the good will and a further agreement on his part not to engage in competition.

There was but slight reference made, according to all of the testimony, to the phrase "good will of the business" during the negotiations, nor was there an express promise by defendant that he would not thereafter engage in competition in Appleton.  The plaintiff's testimony is that he asked the defendant whether he was going away from the city permanently; that defendant said he was, and was planning to accept a position selling machinery and supplies in California; that he also asked if the sale included the customers, good will, and trade, that defendant said that it did; and that finally, before signing the papers, plaintiff said: "You are selling me your business, your customers, and your good will; it is your intention to leave here and not come back again and engage in the laundry business;" defendant said

"Yes, I do," and that plaintiff then said, "On that basis I will not ask· you to sign an agreement to that effect; as long as it is understood you do not intend to return and enter into competition with me, then I am willing to proceed with this business."

The defendant, on the other hand, denied having made such answers, but admitted that at the time of the sale he did not intend to go back into the laundry business in Appleton. He also testified that the good will was never discussed, but that he does not think plaintiff would have bought if he knew that defendant was coming right back to go into competition; and also admitted speaking of his leaving Appleton.

We think this testimony, together with a consideration of the surrounding circumstances, was sufficient to warrant the conclusions arrived at by the jury on these two questions, even though express language to that effect was not used. *Zitske v. Grohn,* 128 Wis. 159, 161, 107 N. W. 20.

How far the sale of the good will of a business carries with it any limitation as to the right of the vendor thereafter to compete, a discussion of which may be found in *Marshall Eng. Co. v. New Marshall Eng. Co.* 203 Mass. 410, 89 N. E. 548; *Von Bremen v. MacMonnies,* 200 N. Y. 41, 48, 93 N. E. 186, and note in L. R. A. 1918F, 1179, it is not here necessary to determine, the two elements being separately found to exist in the case at bar.

Defendant contends that the damages are excessive. After plaintiff purchased in September, the income of the business seems to have rather steadily increased until defendant re-engaged in the same line, and the amount found by the jury approximates the subsequent decrease. We cannot say that the assessment is unreasonable or without support.

*By the Court.*—Judgment affirmed.