Pearson, C. J.
 

 We concur in the opinion of his Honor for the reasons given by him.
 

 
 *192
 
 It is said by the court in
 
 Brittain
 
 v. McKay, 1 Ire., 265 :• “ The law makes a pointed distinction between those profits which are the spontaneous products of the earth or its permanent fruits, and the corn and other growth of the earth, which are produced annually by labor and industry, and thence are called
 
 ‘fructus industriales.’
 
 The latter, for most purposes, are regarded as personal chattels. Upon the deaths of the owner of the land before they are gathered, they go» to his executor and not his heir. Upon the termination of an estate of uncertain duration, by an act other than that' of the lessee, they belong to him as personal chattels, and! do not go over to the owner of the soil. They are liable to> be seized and sold under execution as personal chattels, and! a sale of them while growing is not a sale of land or any interest in or concerning land, under the Statute of Frauds,, but a sale of goods.”
 

 Thus it is seen that a growing crop is regarded as a personal chattel. The statute (Rev. Code, c. 34, s. 21,) puts them on the same footing in another very important partic ular, and still farther lessens the difference by making it larceny to steal any Indian corn, wheat, &c., growing in a field. So that the only difference now seems to be that the one never was attached to land or has been severed, whereas the other is not severed; and the legal effect of this is, that when land is conveyed the presumption is that wheat, for instance, that has been cut and remains shocked in the field, does not pass with the land, whereas, if it has not been cut the presumption is that it does pass with the land; but the presumption in either case may be rebutted by the acts and declarations of the parties. If the grantee hauls in and houses the wheat that has been cut, -with the knowledge and without objection on the part of the grantor, or if he admits that it was to belong to the grantee according to their agreement, no question would be made as to its being his property. The same acts and declarations in regard to
 
 *193
 
 ■wheat growing would rebut the presumption and justify the inference that according to their agreement it was to remain the property of the grantor. This may be shown by parol evidence, for the Statute of Frauds does not apply to •an agreement concerning a' growing crop. Nor does the .admission of parol evidence violate the rule that a deed .shall not be added to, varied or contradicted by such evidence.
 

 In the former case the parol proof that according to the .contract of sale the grantee was to have the wheat that remained shocked in the field, does not add to the deed, for
 
 its
 
 purpose and effect was only to execute one part of the ■contract, and there is no reason why the other part may not be established by parol proof; so, and for the very same reason, in the latter case parol proof, that according to the agreement the grantee was not to have the growing crop, does not contradict the deed. It would be strange if the-•execution of one part of the agreement, in the only way in which it can be executed, should exclude proof and defeat the other part, for it must be borne in mind that the deed does not purport to set out the agreement.'
 

 In respect to fruit on trees and
 
 “
 
 not fallen,” there is a ■diversity, for trees are a substantial and permanent part of the land, and a deed passing the land actually passes the frees as part thereof and does not simply raise a presumption that it was the intention to pass them; hence, if there ■be a parol agreement to convey land and to except the fruit on trees, or certain timber trees, and a deed is executed which does not except the fruit or trees, that part of the agreement in respect to them is defeated, for the Statute of Frauds requires it to be in writing;' and even if the agreement be in writing, that part of it can only be set up by a bill in equity to reform the deed on the ground of accident or mistake in the draftsman, for the effect of the deed is to pass the land and every substantial part of it.
 

 
 *194
 
 Our conclusion, that a growing crop differs only from a personal chattel in the circumstance of not being severed from the land, and that the presumption that it passes with the land is very "slight, seems to be in accordance with the statute, Rev. Code, c. 46, s. 63. By the common law, if one died intestate his administrator took the growing crop as a part of the personal estate, and the heir took the land and the trees and fruit on them as part thereof. If he made a will the devisee took the crop under the presumption that, not being severed, it passed with the land, unless there was something in the will to rebut this presumption, in which case the executor took the crops. The statute makes the presumption the other way, to wit: that the crop does not pass with the land to the devisee, but passes to the executor as a personal chattel, unless it appears by the will that the devisee was to have it.
 

 The doctrine that where there is a parol agreement, one part of which is carried into effect by a deed or other writing, that does not prevent the other part from being established by parol evidence, has been adopted and acted upon by our courts in several cases.
 
 Twidy
 
 v.
 
 Sanderson,
 
 9 Ire., 5: A hires a negro to B, who gives a note for $130, “being for hire of boy Evartson.” A sued B for taking the boy out of the county, and offered to prove by parol that it was a part of the agreement that the boy should not be carried out of the
 
 county; held
 
 that the evidence was properly admitted, “ for the note is not a memorial of the entire agreement, but is simply execution of a part.”
 
 Manning
 
 v.
 
 Jones,
 
 Bus., 368: A made a parol agreement to purchase a tract of land of B at an agreed price. B agreed farther that he would put certain repairs on the premises. B delivered a deed to A. The repairs not being made, A brought
 
 assumpsit,
 
 and offered to prove the agreement by a witness;
 
 held,
 
 that the proof ought to have been received, the deed being an execution of one part of the agreement, the other having
 
 *195
 
 been left in parol. The proof offered was not to “ add to, alter or explain the deed.”
 

 Daughtry
 
 v. Booth, 4 Jon., 87, presents the same question; held., that a bond, given for the price of the hire of a slave and containing other stipulations as to his treatment and management, did not exclude parol evidence of another stipulation in the agreement, to wit: that the slave was not to be taken out of the county.
 

 There is no error.
 

 Per Curiam. Judgment affirmed.