ALFRED WALTON *v.* ARTHUR JORDAN and C. W. HOLLOWELL..

Where a *fi. fa.* was levied upon the land of the defendant in the execu-
    tion, in 1861, and successive writs of *vend. expos.* were issued thereon
    until the Fall of 1867, when the land was sold by the sheriff, and in
    the meantime in the year 1866 the same land was conveyed by the de-
    fendant in the execution by a deed in trust, *it was held,* that the crops
    growing on the land in 1867, did not pass to the purchaser of the land
    under the execution, but belonged to the bargainee under the deed in,
    trust.

Crops growing on land pass, by presumption of law, with the title of the.
    land, but the presumption may be rebutted even by parol evidence.

The cases of *Badham* v. *Cox,* 11 Ire. 456, *Brittain* v. *McKay,* 1 Ire. 265,.
    *Flint* v. *Conrad,* Phil. Rep. 190, cited and approved.

This was a civil action tried before his Honor, *Judge Pool,.*
at the Spring Term, 1869, of the Superior Court of PER-
QUIMANS County.

On the trial the facts proved were substantially as follows :. The defendant, Jordan, was in possession of a tract of land, which in May, 1866, he conveyed by a deed in trust to the plaintiff, and the crops growing on the land that year were sold by Jordan and the proceeds applied under the plaintiff's direction to the purposes of the trust. The same land was let to tenants for the year 1867, who were to pay the rent in kind to the plaintiff. In 1861, a judgment was rendered against the defendant, Jordan, in the Cuonty Court of Gates County, upon which an execution was issued, levied upon the defendant's said tract of land and returned to the August term of the Court. Successive writs of *vend. expos.* were then issued, and in September, 1867, the land was sold by the Sheriff of Gates County, when the execution creditor became the purchaser, and then sold the land to the defendant Hollowell, who together with the defendant, Jordan, took the growing crops then on the land and converted them to their own use.

His Honor charged the jury that no interest in the crops of the rents for the year 1867, passed by the Sheriff's sale, to which the defendants excepted. There was a verdict and judgment for the plaintiff, and the defendants appealed.

*Bragg & Strong,* for the defendants.
*Smith,* for the plaintiff.

DICK, J. The sale made by the Sheriff in September, 1867, only transferred to the purchaser such interest and estate in the land as the debtor had at the time of the levy of the original *fi. fa.*

The levy of the *fi. fa* in 1861, created a lien in favor of the plaintiff in the execution, and gave the Sheriff authority to sell the land levied on.

The subsequent *vend. expos.* only continued the lien, and the authority which the Sheriff had acquired under the

original *fi. fa.* The lien was not a title, but only a charge upon the land, and the debtor had the right to sell the same, and the deed in trust made in 1866, to the plaintiff in this case, conveyed title subject to the subsisting lien. The crops growing upon the land in 1867 were not embraced in said levy, and did not pass by the sale made under the *vend. expos.,* founded upon such levy, but remained the property of the plaintiff who was the owner of the land at the time of the sale. Annual crops which are regarded in law as *fructus industriales,* do not necessarily pass with the title of the land. For many purposes they are considered as personal property and may be sold and transferred by parol, as they are not embraced in the statute of frauds. While they are growing they pass by presumption of law with the title of the land, but this presumption may be rebutted, even with parol evidence. In the case before us the legal presumption is fully rebutted, for they were not included in the levy of 1861, and of course did not pass by the sale under which the defendant, Hollowell, claims the land.

We will not further consider the principles involved in this case, as they are elaborately discussed in *Bittinger* v. *Baker,* 29 Penn. R. 66; *Badham* v. *Cox,* 11 Ird. 456; *Brittain* v. *McKay,* 1 Ird. 265; *Flynt* v. *Conrad,* Phil. 190.

There was no error in the charge of his Honor, and the judgment must be affirmed.

PER CURIAM.                                    Judgment affirmed.