## The Red Wing Manufacturing Company vs. Moe and another.

*January 15 — February 3, 1885.*

*Written bill of sale: Evidence of oral warranty: Counterclaim.*

Where property is transferred by a written instrument which is in effect a mere bill of sale expressing the consideration and providing that until payment the title shall remain in the vendor, a prior oral warranty and representations made as an inducement to the purchase may be shown. And in an action for the purchase price allegations of such warranty and breaches thereof constitute a good counterclaim. *Hahn v. Doolittle,* 18 Wis. 196. *Hubbard v. Marshall,* 50 Wis. 322, distinguished.

APPEAL from the Circuit Court for *Pierce* County.

The case is sufficiently stated in the opinion. The defendants appealed from the judgment.

For the appellants the cause was submitted on the brief of *James W. Bass,* of counsel.

For the respondent there was a brief by *O. M. Hall* and *F. M. Wilson,* of counsel, and oral argument by *Mr. Wilson.*

ORTON, J. This action is to recover the unpaid balance of the purchase money for a stationary engine and boiler, and attachments. The contract of purchase was in writing, and

The Red Wing Manufacturing Co. vs. Moe and another.

signed by both parties, and states that the respondent company "have this day sold to the said *Moe Bros.* the following property now in their possession, in said city of Red Wing, to wit, one stationary engine [and boiler, etc.], now used by said *Red Wing Manufacturing Company* in said city; the same to be taken down and made ready to load at the expense of said [company] to be ready for delivery to the said *Moe Bros.* on or before the 11th day of February, A. D. 1883; and that said *Moe Bros.* agree to pay the said [company] as and for the purchase price of the above-described property, the sum," etc. This is followed by a stipulation that the title of the property shall remain in the company until the purchase price is fully paid in accordance with the agreement.

The defendants, by their answer, admit the contract as stated, and then allege "that prior to the execution and delivery of said contract, etc., the said plaintiff, by its superintendent and other officers duly authorized thereto, offering to sell to these defendants the engine and boiler, and other property mentioned in said contract, etc., did then and there warrant and represent that the said engine was a forty-horse power engine, and had a capacity of forty-horse power, and that said engine could and often had been successfully and safely operated with said boiler so as to furnish a working power or capacity equal to sixty-horse power; that said boiler was sufficient and capable of running said engine so it would furnish that amount of power; and that said engine, with all the attachments mentioned in said [contract], was in good working order, and worth the actual cash value of $1,100; that the defendants, relying upon said warranty and representations, then and there purchased said engine and other property for the sum of $1,100, and entered into and signed and delivered said contract," etc.

The breaches assigned are that the engine, at the time of the warranty and sale, was not, as represented, a forty-horse

power engine, but that it was only a twenty-horse power engine, and had no other or greater capacity than that known as a twenty-horse power engine, and that said property was worth $600 less than the plaintiff represented and warranted, and still so remains; and such damage is alleged as a counter-claim. On motion of the plaintiff's counsel, the court struck out this answer, and rendered judgment for the plaintiff.

The case is briefed, and was argued in this court by the learned counsel on both sides, upon the assumption that the circuit court struck out the answer because it set up an oral warranty and oral representations made at the time of the sale, in conflict with and which change the terms of the written contract admitted in the answer; and this is the only question to be considered. The written contract is silent as to the capacity and character of the engine, which are the subject of the warranty, and is nothing more or other than a mere bill of sale, expressing the consideration, with the stipulation that the title shall remain in the vendor until such consideration is paid. The only object or purpose of the contract was to confer title to the property upon the defendants, dependent or conditional upon payment of the consideration, and it does not import anything else. If this bill of sale had described the engine as of *forty-horse* power, and it had turned out to be only *twenty-horse* power, under such a bill of sale, by which the vendor retained the title until payment, there could be no doubt that the fact that the engine was only twenty-horse power could have been set up in defense of payment as a failure of consideration, at least *pro tanto;* but it does not, and the matter of its capacity and character is left outside of the written contract.

There is another consideration bearing upon the question, and that is that the warranty and representations of the capacity of the engine were the cause and inducement of the written contract, and that thereby the contract was procured. This, if true, as charged in the complaint, would be

a fraud, which would render the contract void at the option of the vendee, according to elementary law. The allegation of the answer is: "Relying upon said warranty and representations, [the defendants] then and there purchased said engine and other property, etc., *and entered into and signed and delivered said contract.*" In that view the answer sets up a good defense or counterclaim.

But in the view most favorable to the respondent company the contract was a mere conditional bill of sale and consideration expressed, and nothing more; and the warranty and representations were verbally made anterior to the sale and written contract, and as an inducement, and independent of both; and in this view the case is ruled by *Frey v. Vanderhoof*, 15 Wis. 397, and *Hahn v. Doolittle*, 18 Wis. 196. The latter case is closely in point, and is conclusive of the question. The case of *Hubbard v. Marshall*, 50 Wis. 322, does not militate against this principle, for in that case the defendant sought to prove other provisions of the contract by parol than those contained in the written contract relating to the same subject matter, and which did not appear to be deficient in any respect as to its terms and conditions. Here the answer sets up an express warranty (which is an independent contract), and a breach of it, as well as false representations, and the damages occasioned thereby may be recouped against the consideration of the sale. *Fisk v. Tank*, 12 Wis. 276.

As to whether the warranty and representations set out in the answer can be made available to the defendants against the principle of *caveat emptor*, is a question depending upon the evidence, and not upon the pleadings. The circumstances under which they were made are matters of proof, and the case was terminated without evidence and on the pleadings alone; and on the pleadings it does not appear that the defendants knew or ought to have known the real capacity and character of the engine when they purchased

it. We are clearly of the opinion that the answer sets up a good counterclaim, and that the court erred in striking it out and rendering judgment for the plaintiff.

*By the Court.*— The judgment of the circuit court is reversed, and the cause remanded for a new trial.