CASE 41—PETITION EQUITY—NOVEMBER 5.

## Bourne v. Bourne.

APPEAL FROM OWEN CIRCUIT COURT.

1. DEEDS.—RIGHT OF GRANTEE TO RENTS.—A deed to land vests the possession of the grantor in the grantee to the extent of the estate conveyed; and where tenants are in possession under a lease from the

grantor the grantee has the right, in the absence of an agreement to the contrary, to recover, as an incident of his possession, the rent which the tenants had previously agreed to pay the grantor.

2. PAROL EVIDENCE TO EXPLAIN OR CONTRADICT DEED.—The grantor in a deed may show by parol that it was a part of the contract that he was to have the benefit of the rents and profits of the land for the current year, as that is but proof of a consideration in addition to that recited in the deed.

3. SAME.—So far as a deed is evidence merely of a fact and not of a contract or right, it may be explained or contradicted by parol.

GEO. C. DRANE FOR APPELLANT.

1. The presumption of law is that the parties contemplated that the grantee should be entitled to receive to his own use all the rents accruing after the execution and delivery of the deed. (Gen. Stats., chap. 24, sec. 3; Epperson v. Blakemore, 2 Bush, 242; Casey v. Gregory, 13 B. M., 507; Breeding's Heirs v. Taylor's Heirs, 13 B. M., 481.)

2. It was not competent to prove that the rents for the ensuing year were, by a parol agreement, reserved by the grantor. (Epperson v. Blakemore, 2 Bush, 242; 13 B. M., 507; *Idem*, 481; 4 Dana, 547; 5 Conn., 263; 2 B. M., 157; Wood on Statute of Frauds, sec. 225.)

J. W. GREENE FOR APPELLEE.

The evidence sustains the alleged agreement as to disposition of rents.
The appellate court will not reverse the judgment of the Chancellor on a question of fact unless the judgment is flagrantly against the proof. (Union Ins. Co. v. Groom, 4 Bush, 294; Bell v. Wood, 87 Ky., 59.)

JUDGE LEWIS DELIVERED THE OPINION OF THE COURT.

March 22, 1887, appellee, L. O. Bourne, sold and conveyed to appellant, J. M. Bourne, a tract of land, for description of which a Commissioner's deed to J. M. Bourne and deed from J. M. to L. O. Bourne were referred to, the consideration as recited being the amount due on the land.

It appears that appellee had previously leased designated parts of the land for the year 1887 to different tenants, each of whom had agreed to pay him as rent stipulated portion of crops raised by him, except one who was to pay a sum of money as rent of the dwelling house. And he having, after the crops were raised, taken pos-

session of and converted to his use the portion thereof which the tenants had respectively so agreed to deliver to him as rent, appellant brought this action to recover the value of what he thus received and appropriated.

In defense of the action it is pleaded that at the time of the sale and conveyance of the land it was distinctly agreed between the parties, and was part of the contract, that appellee was to collect and retain all the rent payable in crops under the previous agreements between him and the different tenants, appellant being entitled to rent of the dwelling house only, which he collected, but that said agreement was by mistake omitted from the deed.

Although the evidence does not support the allegation of mistake, which was the only reason for transferring the action to equity, yet as no motion was made by appellant for trial by jury of the issue whether such agreement was made by the parties, it can not now be made an available objection that the chancellor heard and decided it. Nor do we think his finding was so decidedly against the weight of evidence, if at all, as to authorize reversal of the judgment on that account.

The single question then is, whether the agreement relied on by appellee is such as comes within the recognized rule making parol evidence inadmissible to contradict or vary the terms of a valid written instrument. In determining that question the agreement in question must be regarded not independent, but, according to appellee's own allegation, as part of the contract of sale and conveyance.

The extent and condition upon which that rule may, without qualification, be applied, are laid down by this court in Gully v. Grubbs, 1 J. J. Mar., 387, thus:

" Wherever a right is vested or created or extinguished by contract or otherwise, and writing is employed for that purpose, parol testimony is inadmissible to alter or contradict the legal and common-sense construction of the instrument.  But any writing which neither by contract, operation of law, nor otherwise, vests or passes or extinguishes any right, but is only used as evidence of a *fact* and not as evidence of a contract or right, may be susceptible of explanation by extrinsic circumstances or facts.  A party is estopped by his deed.  He is not permitted to contradict it; so far as the deed is intended to pass a right, or to be the exclusive evidence of a contract it concludes the parties to it.  But the principle goes no further.  A deed is not conclusive evidence of everything which it may contain.  It is not the only evidence of the date of its execution; nor is its omission of a consideration conclusive evidence that none passed; nor is its acknowledgment of a particular consideration an objection to other proof of other and consistent consideration.  And by analogy the acknowledgment in a deed that the consideration had been received is not conclusive of the fact.  *This is but a fact*, which may be explained or contradicted.  It does not necessarily and undeniably prove the fact.  It creates no right.  It extinguishes none."

According to the general principle there stated it had been previously held in Trumbo v. Curtright, 1 A. K. M., 432, that an additional consideration not incompatible with that named in a deed may be proved by parol testimony.  The same doctrine was approved in Gordon v. Gordon, 1 Met., 285, and may be considered as settled by this court.

By section 3, chapter 24, General Statutes, it is pro-
vided that all deeds of bargain and sale, deeds to stand
seized to use and deeds of trust shall be held to vest the
possession of the grantor in the grantee to the extent of
the estate intended to be conveyed. And according to
section 7, article 1, chapter 66, as construed in Epperson v.
Blakemore, 2 Bush, 241, appellant had the right under
operation of the deed to recover, as an incident of his
possession, the rent which the tenants had previously
agreed to pay appellee. But the evidence tends to show,
and the chancellor found, that in addition to the consid-
eration expressed in the deed for sale and conveyance of
the land appellant agreed to give to appellee the benefit
of rents and profits of the land for that year, which
being that much more than the recited consideration, and
not incompatible with it, was, according to decisions of
this court, susceptible of being established by parol evi-
dence. It may be that the indirect effect of that agree-
ment was to keep appellant out of possession of the land
and consequent enjoyment of the rents for that year,
which he would have been entitled to under operation of
his deed; but he was not thereby deprived of such right.
On the contrary, the alleged parol agreement involves a
recognition by both parties of his right under the deed
to the rents, which he agreed to give up as part consid-
eration of the sale and conveyance.

Treating the agreement as part of the contract and the
proof of it as establishing a fact, and not as defeating or
impairing a right secured by the deed, it is, consistent
with the principle recognized by this court, not only
enforcible but susceptible of being proved by parol evi-
dence, for there is no practicable difference between a

vendee giving up rents of the land for a specified year, in part payment of the purchase money, and paying, or agreeing to pay, money or specific personal property in addition to the sum recited in the deed as consideration. In our opinion it was not error to permit the agreement in question proved by parol evidence, and in treating the value of the portion of crops payable as rents, as part of the consideration for the land sold and conveyed.

Judgment affirmed.