R. L. HALL, v. E. A. BARNARD and I. D. BARNARD, Appellants.

**Parol evidence:** VARIANCE OF WRITING. Where a bill of sale of personal property does not purport to state the agreement of the parties, but simply evidences a transfer of title, oral evidence of the actual agreement does not tend to contradict or vary the terms of the writing and is admissible.

**Same.** The consideration expressed in a bill of sale may be orally inquired into, and it may be shown that the same was in part the consideration for an agreement not to reengage in the business sold, together with the furniture and fixtures in connection therewith.

**Admission of evidence:** PREJUDICE. Where plaintiff in an action for damages for breach of contract not to reengage in the restaurant business alleged that defendant had induced his help to leave him, and defendant pleaded and attempted to prove that plaintiff's losses were the result of other causes, the admission of evidence in support of plaintiff's allegation was not prejudicial error.

*Appeal from Woodbury District Court.*— HON. DAVID MOULD, Judge.

SATURDAY, JUNE 6, 1908.

SUIT to recover damages for the breach of a contract not to re-engage in business. Verdict and judgment for the plaintiff. The defendants appeal.— *Affirmed.*

*Jepson & Jepson* and *Martin Neilan,* for appellants.

*H. A. Evans* and *J. L. Kennedy,* for appellee.

SHERWIN, J.— In his pleadings the plaintiff claimed that he entered into an oral contract with the appellants for the purchase from them of the Havana Café in Sioux City,

with its fixtures, furnishings, and good will 'for $2,700; that he paid for the property and good will according to the terms of the agreement, and took possession thereof, and conducted the business connected therewith; that soon thereafter the defendants, in violation of their agreement, purchased and operated the Savery Hotel and Café in Sioux City; and that they not only secured a large number of the plaintiff's patrons, but they induced his head cook to leave him and enter their service — by reason of all which they ruined his business and greatly damaged him.    The defendants admitted the sale of the café for $2,700, and alleged that at the time they made and delivered a written bill of sale of the same, and that said bill of sale contained all of the agreements between them in reference to the transfer.    The defendants further admitted that they bought and operated the Savery Hotel and Café, but alleged that, if the plaintiff's business was ruined, it was on account of other causes, for which they were not to blame.

The court permitted the plaintiff to show the oral contract pleaded, and of this the appellants complain, contending that it was a violation of the well-understood

1. PAROL EVI-
DENCE: vari-
ance of writ-
ing.

rule that a complete written contract may not be varied by parol evidence.    There is nothing in this contention, however.    The bill of sale does not in itself import anything farther than a transfer of tangible personal property, and it was evidently given to evidence such transfer, and for no other purpose. When the written instrument does not purport to state the entire agreement in respect to the subject-matter, but is used merely to transfer title, in execution of an agreement which it does not profess to show, oral evidence of the true agreement is competent.    *Taylor v. Galland,* 3 G. Greene, 1; *Red Wing Mfg. Co. v. Moe,* 62 Wis. 240 (22 N. W. 414); 21 Am. & Eng. Enc. of Law, 1093, and cases cited; *Picard v. McCormick,* 11 Mich. 68.    The record conclusively shows that the bill of sale in question was given merely as evidence of the transfer of a lot of personal property, and that it in

fact was no part of the real contract between the parties.

Complaint is also made because the plaintiff was permitted to show the actual value of the fixtures and furnishings. There was no error in the ruling. As we have heretofore said, the bill of sale was not a part of the contract between the parties, and the consideration expressed therein is nothing more than a recitation; but, if it were held to import an agreement, the consideration named therein would not be impeached by simply showing that the good will of the business was covered by such consideration. The recital of consideration in a bill of sale is *prima facie,* but not conclusive, evidence of the actual consideration. 4 Am. & Eng. Enc. of Law (2d Ed.) 572. The statement of consideration in this instance was merely formal, and in such cases it is not to be deemed an essential part of the instrument, but a mere recital of a fact which may be contradicted. *Bourne v. Bourne,* 92 Ky. 211 (17 S. W. 443) ; 6 Am. & Eng. Enc. of Law, 767, and cases cited in notes; *Hall v. Perry,* 3 G. Greene, 579; *Day v. Lown,* 51 Iowa, 364; *Harper v. Perry,* 28 Iowa, 57.

2. SAME.

Testimony that the defendants had induced some of the plaintiff's help to leave him for employment in their café was received over objections. The matter was charged in the petition, and, in view of that and the further fact that the defendants pleaded and attempted to prove that the plaintiff's loss of business was due to other causes than those alleged in the petition, we do not think there was prejudicial error in the ruling.

3. ADMISSION OF EVIDENCE: prejudice.

Complaint is made of two instructions given and of the refusal to give one requested. What has already been said about the admissibility of testimony disposes of the appellant's contention as to the instructions.

There is no error in the record, and the judgment is *affirmed.*