BJORNSON, Respondent, v. ROSTAD, Appellant.

1.  **Crops—Growing Crops—"Land."**
    Growing crops of grain are fructus industriales, and under Civ. Code, Secs. 186-188, defining "land," exclude growing grain, and only include such things as are annexed to the earth by roots, such as are deemed fructus naturales.
2.  **Evidence—Parol Evidence—Deeds—Statute of Frauds.**
    The execution and delivery of a deed is only one of the component parts of a more comprehensive transaction, and parts of the transaction other than the deed may be shown by parol, so far as they do not conflict with the statute of frauds or vary the terms of the deed.
3.  **Crops—Growing Grain—Deed—Reservation In.**
    In the absence of any parol or other reservation or exception, of a crop of grain growing on land at time of execution of a deed thereof, the crop passes to purchaser under the deed.
4.  **Evidence—Deed—Parol Reservation of Crops.**
    An oral agreement, preceding execution of a deed, that the growing crop on the land conveyed shall be retained by vendor as part of the consideration inducing execution of deed may be proved, where the deed is silent on the question.

**5.   Evidence—Parol Reservation of Crops from Land Deeded.**

Where a deed purporting to convey only realty was executed when crops were growing on the land, parol evidence that before the execution of the deed it was agreed that grantor should convey the land, but that as part of the consideration grantor should harvest and retain growing crops, was admissible as against objection that. it showed a lease of the land, since, under Civ. Code. Sec. 1238, subd. 5, a verbal lease for less than one year may be created as part of the consideration for the deed, without varying its terms.

**6.   Crops—Growing Crops—Nature of Property.**

Growing crops of grain may be either realty or personalty, as a grantor of the land on which they grow may intend.

(Opinion filed September 23, 1912.)

Appeal from Circuit Court, Gregory County. Hon. R. B. TRIPP, Judge.

Action by Anna E. Bjornson against Paul Rostad, in claim and delivery for possession of wheat claimed by plaintiff as owner. From a judgment for plaintiff on a directed verdict, defendant appeals. Reversed and remanded.

*Chas. A. Davis,* and *W. J. Hooper,* for Appellant.

That the true consideration for a deed can be shown by parol evidence has been decided by this Court in a large number of cases. "The recitals in a deed as to consideration are not conclusive, but the true and accurate consideration can be shown by proof aliunde." Farley v. Bentley et al., 1 Dak. 25; Miller v. Kennedy et al, 12 S. D. 478.

The decisions are practically unanimous on this proposition.

There is however a conflict in the authorities as to whether under this rule the agreement attempted to be shown is admissible. The two lines of authorities are well illustrated in the assenting and desenting opinions in, Adams v. Watkins, (Mich.), 61 N. W. 774. The condition is thus stated in Vol. 4 Ency. of Evidence, Page 198.—"There is also a conflict as to the admissibility of an oral reservation of an interest in the property conveyed, or the crops growing thereon as a part of the consideration."

Two cases are cited in the notes:—"In Holt v. Holt 57 Mo. App. 272, the grantor was permitted to show, in addition to the consideration recited, an oral agreement by the grantee to de-

liver to him one half of the crop growing on the land after it had been harvested by the grantee."

In Harvey v. Million, 67 Ind. 90, parol evidence was held admissible to show the reservation by the grantor of the crop growing on the land conveyed as part of the benefit to accrue to him from the sale. Grabow v. McCracken et ux., 102 Pac. 84; Harvey v. Million, 67 Ind. 93; Austin v. Sawyer, 9 Cow. (N. Y.) 39; Backenstoss v. Stahler's Adm'rs., 33 Pa. 251, 75 Amer. Dec. 592; Harbold v. Kuster, 44 Pa. 392; Neill v. Chessen, 15 Ill. App. 266; Baker v. Jordan, 3 Ohio St.

In the case of Backenstoss v. Stahler's Adm'rs., 33 Pa. 251, 75 Amer. Dec. 592, the Court said:—"It is a rule of common law that growing crops are personal property, but pass by conveyance as appurtenant to the land, unless severed by reservation or exception, and this rule has not been altered by the Statutes of Frauds and Perjuries. A party may show by parol that the growing crops were reserved on the sale of the land, although there may be no exception in the deed." Phillips v. Keysaw, 7 Olk. 674, 56 Pac. 695; Aull Savings Bank v. Aull, 80 Mo. 199; Champion v. Mundy, 85 Ky. 31, 2 S. W. 546; Richardson v. Traver, 112 U. S. 423; McCrea v. Purmort, 16 Wend. (N. Y.) 460, 30 Amer. Dec. 103; Hersey vs. Verrill, 39 Me. 271; Quimby v. Stebbins, 55 N. H. 420; Steed v. Hinson, 76 Ala. 298; Farley v. Bentley, 1 Dak. 25, 46 N. W. 506; Mobile & etc. R. R. Co., v. Wilkinson, 72 Ala. 286; McMahan v. Stewart, 23 Ind. 590; Frey v. Vanderhoof, 15 Wis. 379; Drury v. Tremont Implement Co., 13 Allen, (Mass.) 168; McDill v. Gunn, 43 Ind. 315; Cooper v. Kennedy, 124 N. W. 1131; D. M. Osborne and Co. v. Stringham et al., 1 S. D. 406; Dean v. Adams, 44 Mich. 117, 6 N. W. 229; Depew v. McIntosh, 127 N. W. 532; Chapin v. Dobson, 78 N. Y. 74; 34 Amer. Rep. 512; Thomas v. Loose, 114 Pa. 35, 6 Atl. 326; Dicken vs. Morgan, 54 Iowa 684, 7 N. W. 145; Culmans v. Lindsay, 114 Pa. 166, 6 Atl. 332; Barnett v. Pratt, 37 Neb. 352, 55 N. W. 1050; Ayer v. R. W. Bell Mfg. Co., 147 Mass. 46, 16 N. E. 754; Davis v. Cochran, 71 Iowa 369, 32 N. W. 445; 9 Ency. Evid. 350; Fergeson v. Rafferty, 128 Pa. 337, 18 Atl. 484, 6 L. R. A. 33; Hines v. Wilcox, 96

Tenn. 148, 33. S. W. 914, 34 L. R. A. 824; 54 Amer. St. Rep. 823; Walker v. France, 112 Pa. 203, 5 Atl. 208; Cooper v. Kennedy, (Neb.). 124 N. W. 1131, and cases there cited.

G. M. Caster, for Respondent.

Defendant's offer contains six distinct propositions:

1st. That before the execution and delivery of the deed it was agreed by the parties that there was a difference between them relative to the ownership of the land conveyed.

2nd. That it was agreed that the defendant should deed the land to the plaintiff to settle that difference.

3rd. That as part consideration of the deed the defendant should harvest and retain the crops then growing on said land.

4th. That defendant did remain in possession of the land sold from the time of the delivery of the deed until the crops were gathered.

5th. That the defendant harvested the crops raised on the land sold, being the crops in dispute.

6th. That the defendant threshed the said crops.

By this offer, then, the defendant seeks to prove that there was a preliminary dispute between the grantor and the grantee as to who owned the land sold. Such evidence was inadmissible for many reasons. If there was any preliminary dispute it must have been resolved altogether in favor of the grantor. His deed purports to grant an absolute title, not a disputed title. Neither the grantee nor the grantor could dispute the grantor's title. In the settled statement of the case (Ab. f. 5.), it is said: "It was further conceded that prior to June 17, 1907, the defendant was the owner of the land above described."

Defendant next desired to show by this offer that the conveyance was made for the purpose and with the intention of settling that preliminary dispute. This evidence was clearly inadmissible under the ruling laid down by this court in Bernardy v. Colonial and U. S. Mortgage Co., 20 S. D. 637.

Defendant then seeks by this offer to prove that he remained in possession of the land conveyed from the time of the delivery of the deed until after the harvesting of the grain in dis-

pute. But he did not claim any parol agreement by which he had a right to that possession, or offer to prove any such agreement. He could not acquire any right to the crops by holding an unauthorized possession of the land. By section 1240 Civ. Code of South Dakota (1903) the deed took effect upon its delivery.

"Possession is presumed, when title is found or conceded to be in a person." Ashton v. Ashton, 11 S. D. 10; Harrison v. Caswell, 17 N. Y. App. Div. 252; Yost v. Brown, 126, Pa. St. 92, 17 Atl. 533; Wauman v. Hampton, 110 N. Y. 429.

Defendant then offers to prove by his own testimony that he harvested the crop in dispute. Why should he be permitted to testify that he harvested the crop when it had already been conceded by both plaintiff and defendant that plaintiff harvested about ten acres of the crop and that defendant then came and drove her out of the field and harvested the remainder of it? The offer as to the harvesting of the crop was wholly incompetent and immaterial.

The offer to prove that defendant threshed the grain, we think, is a fitting climax of defendant's "omnibus" offer. The rights of the parties must be determined as of the time of the commencement of the action. Tancre v. Pullman, 29, N. W. (Minn.) 171; Thompson on Trials, Sec. 678.

The trial court cannot be required to sift out such a general offer containing so much incompetent evidence to ascertain whether or not there is in it any competent evidence. We believe that such is the universal rule of practice in the trial of cases. First National Bank v. North, 2 S. D. 480.

"Where a tender of evidence is made to prove certain facts, some of which are admissible and others inadmissible, the offer is properly rejected as a whole." Muller v. Jackson, 40 N. W. (Minn.) 565; Reynolds v. Franklin, 49 N. W. (Minn.) 648; Beard v. First National Bank, 43 N. W. (Minn.) 8; Tillman v. Bomar, 68 S. E. 504.; Davis Photo Stock Co. v. Photo Jewelry Mfg. Co., 104 Pac. (Col.) 389; Fitch v. Martin, 122 N. W. (Neb.) 50; Taylor v. Taylor, 103 Pac. (Or.) 524; Wallach v. MacFarland, 31 App. D. C. 130; Crucible Steel Co. v. Moen, 167 F. 956; M. W. A. v. Cecil, 70 Atl. (Md.) 331.

If, however, this court should consider that the trial court should have ruled separately on the numerous matters contained in defendant's general offer of proof, we contend that there is no part of the offer that was admissible. Appellant's counsel practically concede in their brief that no part of the offer was admissible except that which is to the effect that it was agreed by parol that as a part consideration of the said deed the defendant should retain the said crops.

Parol proof of consideration must be wholly independent of the thing granted and conveyed by the deed and must not in any manner tend to destroy its validity. Armington v. Stelle, 94 Am. St. (Mont.) 811; Rooney v. Koenig et al., (Minn.) 83 N. W. 399; Simonovich v. Wood, 145 Mass. 180.

But the consideration passing to the grantee was the real property conveyed and, by sections 186 and 187 of our Civil Code, that real property or consideration consisted both of the land and of the crops growing thereon. The law required the statement of that consideration to be in writing and to be signed by the grantor so that there would be a final and conclusive agreement and understanding of the parties as to it. The consideration passing to the grantee, then, is necessarily determined by the written contract, or deed, and cannot be contradicted or varied by parol evidence. Washabaugh v. Hall, 4 S. D. 168; Lumber Co. v. Wilkins, 94 N. W. 337; Powers. v. Spaulding, 71 N. W. 891; First National Bank v. Prior, 86 N. W. 362; Unger v. Smith, 5 N. W. 1069; Griffam v. Pierce, 9 N. E. 819.

Section 265 of the Civil Code of South Dakota, (1903) provides: "All things that in law or usage are considered as incidental to a contract or as necessary to carry it into effect, are implied therefrom unless some of them are expressly mentioned therein." "Whatever the law implies from a contract in writing is as much a part of the contract as that which is therein expressed, and if the contract, with what the law implies is clear, definite and complete, it cannot be added to, varied or contradicted by extrinsic evidence." Fawkner v. Smith Wall Paper Co., 45 Am. St. (Ia.) 230.

"Parol evidence is no more admissible to contradict or vary

a contract implied from a written instrument than it is to con-tradict or vary the express terms of such instrument." Bryan v. Duff, 50 Am. St. (Wash.) 889.

The Courts which follow the rule contended for by ap-pellant seem to do so on the ground that the parol agreement for a reservation of the growing crops is a collateral matter and that proof thereof does not contradict or vary the terms of the deed. Such a holding seems to us entirely illogical and we be-lieve it is contrary to sound reason as well as to the statutes of South Dakota.

"Growing crops are a part of the freehold and pass by and with the land except when the grantor by the terms of the deed, reserves possession of the land until a date after the ma-turity of the crop." Farris v. Hamilton, 129 S. W. (Mo.) 256. Finlayson v. Finlayson, (Org.) 11 Am. St. 836.

"Parol evidence is not admissible to show that at or before the execution of a warranty deed purporting to convey all the gran-tor's interest in the premises it was agreed that the grantor should have the right to retain possession of the premises." Hawver v. Wright, 45 N. Y. S. 659. Hickman vs. Hickman, 55 Mo. App. 303. The Supreme Court of Michigan in Adams v. Watkins, 61 N. W. 774; Coman v. Thompson, 10 N. W. (Mich.) 62; Carpen-ter v. Carpenter, 117 N. W. (Mich.), 598.

In Kamrath v. Kidd, 95, N. W. (Minn.), 213, it is said: "The true consideration may generally be shown, but when evi-dence offered for such purpose will have the effect to restrict the legal operation of the covenants; it is not competent." Rooney v. Koenig, 83 N. W. (Minn.) 399; Erickson v. Paterson, 50 N. W. (Minn.) 699; Gibbons v. Dillingham, 50 Am. Dec. (Ark.) 233; Brown v. Thurston, 96 Am. Dec. (Me.) 438; Noble v. Bosworth, 19 Pick. 314.

"And a parol reservation of a crop then upon the land at the time of conveying the same by deed would be repugnant to the deed, and of no effect." Washburn Real Property 4th ed. pg. 392.

It hardly seems to us that the question under discussion is an open one in South Dakota. Bernardy v. Colonial & U. S. Mort-gage Co., 20 S. D. 637.

The deed in question purports, on its face, to give to the grantee the absolute interest or ownership in the property described therein and by Section 195 of the Civil Code of South Dakota, (1903) "ownership of property is absolute when a single person has the absolute dominion over it and may use it or dispose of it according to his pleasure, subject only to general laws."

The parol agreement offered to be proved by the appellant would have the effect of reducing the absolute interest or ownership to a qualified interest or ownership. By Section 196 of the Civil Code of South Dakota, (1903) the ownership of property is qualified "when the time of enjoyment is deferred or limited." The deed in question purports to give to the respondent a present interest in the real property in question. By Section 204 of the Civil Code of South Dakota (1903), "A present interest entitles the owner to the immediate possession of the property." By the parol agreement offered to be proved by appellant, he seeks to change the present interest of the respondent in the property to a future interest.

By Section 205 of the Civil Code of South Dakota, (1903) "A future interest entitles the owner to an interest in the property only at a future time."

By Section 1239 of the Civil Code of South Dakota, (1903) "The execution of a contract in writing, whether the law requires it to be written or not, supersedes all the oral negotiations or stipulations concerning its matter, which preceded or accompanied the execution of the instrument."

The Court of Appeals of New York, in Huyck v. Andrews, 113 N. Y. 81, defines an encumbrance as follows: "An encumbrance, within the terms of a covenant against encumbrances, includes every right to or interest in the land to the diminution of the value of the land, but consistent with the passage of the fee for the land."

McCOY, P. J.   There was a directed verdict and judgment for plaintiff, and defendant appeals. On the 18th day of June, 1907, defendant executed and delivered to plaintiff a warranty deed of a certain quarter section of land in Gregory county, absolute in form, and containing no execptions or reservations what-

soever, and reciting a consideration "of one dollar and other good
and valuable considerations." At the time of the execution
and delivery of said deed, there was standing and growing on said
land an immature crop of wheat that had been sown by defendant
the spring before. Neither plaintiff nor defendant personally re-
sided upon said land at any of the times in question, there being
no buildings thereon; but plaintiff and defendant resided upon
other lands in the same vicinity. When said crop of wheat ripen-
ed, the same was, against the will and consent of plaintiff, cut and
harvested by defendant and removed to defendant's premises and
stacked thereon. Plaintiff thereupon brought this action in re-
plevin to recover the possession of said wheat, or its value, claim-
ing to be the owner thereof. Defendant denied plaintiff's right to
possession and ownership. On the trial plaintiff offered in evi-
dence the said deed. Defendant then offered to prove, as a part
of his defense, that before the execution of said deed it was agreed
that there was some difference between the parties relative to the
ownership of said land; that in settlement of said difference it was
agreed that defendant should deed said land to plaintiff; and that
as a part of the consideration of said deed he should harvest the
crops then growing thereon, and should retain the said crop. To
which offer plaintiff objected, on the ground that it was incompe-
tent, immaterial, irrelevant, and not the best evidence, and sought
to change, vary, and modify the terms of said deed. The objec-
tion was sustained, to which ruling of the court defendant duly
excepted and now assigns the same as error.

[1] Growing crops of grain are clearly fructus industriales—
growing things produced and raised by the industry of man and
the cultivation of the soil. Sections 186, 187, and 188, Civil Code,
defining land, clearly exclude growing grain, and only include such
growing things as are annexed to the earth by roots, such as are
deemed fructus naturales, those which are produced by the powers
of nature. The Civil Code of California, from which state our
Civil Code was adopted, defines land in identical language. Sec-
tions 658, 659 and 660, Kerr's Cal. Civ. Code. The Supreme
Court of California holds that growing crops raised by the in-
dustry of man and the cultivation of the soil are chattels, and

that a contract for the sale thereof is not within the statute of frauds, relating to the sale of an interest in land, and that such crops may be reserved from the operation of a deed by parol. Davis v. McFarlane, 37 Cal. 634, 99 Am. Dec. 340; Vulicevich v. Skinner, 77 Cal. 240, 19 Pac. 424. And it seems to be so held in many other jurisdictions. Grabow v. McCracken, 23 Okl. 612, 102 Pac. 84, 23 L. R. A. (N. S.) 1218, 18 Ann. Cas. 503, and note; Cooper v. Kennedy, 86 Neb. 122, 124 N. W. 1131, 31 L. R. A. (N. S.) 761, 136 Am. St. Rep. 701; Baker v. Jordan, 3 Ohio St. 438; Bourne v. Bourne, 92 Ky. 211, 17 S. W. 443; Heavilon v. Heavilon, 29 Ind. 509; Holt v. Holt, 57 Mo. App. 272; Mabry v. Harp, 53 Kan. 398, 36 Pac. 743; Pattison's Appeal, 61 Pa. 294, 100 Am. Dec. 641; Bloom v. Welsh, 27 N. J. Law, 177; Flynt v. Conrad, 61 N. C. 190, 93 Am. Dec. 588; Simanek v. Nemetz, 120 Wis. 42, 97 N. W. 508; Walton v. Jordan, 65 N. C. 170; Bond v. Coke, 71 N. C. 97; Backenstoss v. Stahler, 33 Pa. 251, 75 Am. Dec. 592. See note 23 L. R. A. 450.

In Backenstoss v. Stahler, supra, the court said: "It is a rule of common law that growing crops are personal property, but pass by conveyance as appurtenant to the land, unless severed by reservation or exception; and this rule has not been altered by the statute of frauds. A party may show by parol that the growing crops were reserved on the sale of the land, although there may be no exception in the deed."

In Bloom v. Welsh, supra, the court said: "At common law growing crops raised annually by labor and cultivation are personal property. They may be sold and conveyed, as chattels, by parol. A contract for their sale is not a contract for the sale of an interest in land under the statute of frauds; and the purchaser of growing grain acquires the privilege of leaving the grain upon the soil until maturity, and also the privilege of entering to gather and take away the crops."

In Baker v. Jordan, supra, the court said: "That growing grain will pass by common deed of the lands whereon it grows when no valid conversion of it into personalty is shown to have preceded the conveyance, cannot be doubted. But whether such a

4—Vol. 30, S. D.

conveyance always purports to carry the title to growing crops is another question. Many things may be in or on the ground which the parties do not intend, and which no inflexible rule of law requires, to fall under the conveyance. Such things are realty or personalty, according to the intention of the parties. However little favor should be shown to reservations made by the vendor by parol, when he is in possesion, there must be some such reservations which are valid. It is in such instances a question of intent. Where that intent relates to things which may sometimes be treated as realty and sometimes as personalty, the evidence of its manifestation in the conduct of the parties or in their words, at the date of the deed does not seem to alter, enlarge, or limit their written contract. For, as already observed, the contract does not necessarily embrace such things. The case of a deed, then, is clearly distinguishable from that of many other written contracts. What such an instrument purports to convey is to be shown from the legal rules which have assigned to it a definite legal character. And when those rules are attentively considered, it will be found that the common words describing the ground conveyed must always leave it an open question whether the growing crops were intended as a part of the thing in which the property was to change. A deed purports to convey the realty. But what is the realty? Growing corn may be a part of it for some purposes; but it is generally to be considered as personalty. If the parties to the deed, either by words or their behavior, signify their understanding that as between them it is a personalty, the law will so regard it, and will respect their intention in the construction of the deed. When the evidence of such understanding is produced, it is not to contradict the deed, for with that it is perfectly consistent, but it is to show that what in some instances would go with the land as a part of realty was, in that case, converted into personalty by the will of the parties, and thus to hold the deed to its true meaning and effect."

In Holt v. Holt, the court said: "The defendant further contends that the deed offered in evidence is conclusively presumed to include the whole contract between the parties thereto. While this

contention may be conceded to the defendant, it is nevertheless true that in a deed like that in this case, where there is a mere statement of a certain amount of money, without more as a consideration, it is but inattentive recital, common in conveyancing of a consideration in most general use, which forms no part of the contract. The statement of the amount of the consideration in a deed and the acknowledgement of its payment is no more than a receipt—a statement of a fact which is not necessary to the validity of the deed. It is only prima facie evidence of what it states, but not conclusive, except that there was some consideration. Such a recited consideration is not intended to be contractual, and therefore works no estoppel as to amount or character; or, in other words, the parties in such case are not estopped from showing by parol evidence the amount and character of the consideration to be different from that recited in the deed. It follows that it was competent for plaintiff to show by parol evidence that the consideration for the sale of the land was the $3,000 in money and the delivery of the one-half of the growing crop of wheat, when harvested and threshed."

And in Heavilon v. Heavilon, supra, the court said: "It is well settled that a vendor, in a suit for the purchase money, may prove by parol evidence, the amount thereof, the terms of payment, and its nonpayment, notwithstanding the receipt of the purchase money may be acknowledged in the deed. Now, suppose that the defendant, as a part of the consideration to the plaintiff for the land described in the deed, had agreed that the plaintiff should have a crop of wheat growing on another tract of land owned by defendant, and had subsequently refused permission to cut and carry it away, would any one contend that plaintiff could not recover of the defendant the value of the wheat? Or, if, as in this case, the plaintiff had harvested the wheat without objection, that the defendant could recover back its value? Does not the same principle apply in this case? Can any logical reason be shown why it should not? Admit that the deed upon its delivery conveyed the growing crop, still it was not a fixture which constituted permanently a part of the land; it was the subject of sale by parol; and what rule of law is there to prohibit the defendant

from making such a sale a part of the same contract by which he would become owner, or that would convert the deed into an estoppel against parol proof of such sale? If, as alleged in the reply, the defendant contracted the wheat to the plaintiff as a part of the consideration of the land, then the execution of the deed was a performance of the contract on the part of the plaintiff and entitled him to the wheat, and no question under the statue of frauds contended for by the appellee could arise in the case."

In the case of Cooper v. Kennedy, supra, the court said: "The Pennsylvania rule is that growing crops—fructus industrales—are personal property, but pass by conveyance with and as appurtenant to the realty, unless severed therefrom by reservation or exception; that the vendor may show such reservation by parol evidence, but that a reservation of the natural products of the earth—fructus naturales—must be in writing. From a consideration of these cases and of the previous decisions of this court, we are satisfied to declare that, though growing crops are personal property, they pass by a deed as appurtenant to the realty, but they may. be severed therefrom by reservation, evidenced either by parol agreement or instrument in writing; and that the vendor may show by parol evidence that the crops were reserved from the sale of the land."

[2] The execution and delivery of a deed in many instances is only one of the component parts of a larger and more component parts of a larger and more comprehensive transaction, and which larger and broader transaction, in so far as it does not conflict with the statute of frauds, or have the effect of varying the terms of the written deed, may be shown by parol. In Flynt v. Conrad, supra, the court said: "In the former case the parol proof that, according to the contract of sale, the grantee was to have the wheat that remained shocked in the field does not add to the deed, for its purpose and effect was only to execute one part of the contract, and there is no reason why the other part may not be established by parol proof; so, and for the very same reason, in the latter case parol proof that, according to the agreement, the grantee was not to have the growing crop does not contradict the deed. It would be strange if the execution of one part of the agreement in the only way in which it can be executed should ex-

clude proof and defeat the other part; for it must be borne in mind that the deed does not purport to set out the agreement."

[3, 4]    There are decisions holding contrary, apparently, to the rule above mentioned; but careful consideration will reveal that but few of them are applicable to the circumstances of this case. In the absence of any reservation or exception, either oral or otherwise, of a crop of grain growin gon land at the time of the otherwise, of a crop of grain growing on land at the time of the to hold that such crop would pass to the purchaser or vendee under the deed; but in a case like this, where there was an oral agreement preceding the execution of the deed, that the growing crop should be retained by the vendor as a part of the consideration which induced the making of the deed itself, there are but  very few authorities holding that parol proof is not admissible to show such reservation.

[5]    It is argued by respondent that the admission of the oral evidence offered would have the effect of showing a lease of premises conveyed, and which would conflict with the terms of the deed.    In view of the provisions of section 1238, subd. 5, Civ. Code, we know of no reason why a verbal lease for less than one year might not be so created as a part of the consideration for the deed, and which in no manner would tend to vary the terms of such deed.    It would have no more effect on the deed, under the circumstances of this deed, than the making of any other lease on other lands would have on the title deed under which the lessor held.    The fact that it happened to be a part of the same transaction which included the deed would not alter the effect of the deed.    Neither would the fact that defendant obtained title to the growing wheat in question as a part of the same transaction which included the deed prevent defendant from showing his title to such wheat by parol, unless it should be held that growing wheat is necessarily a part of the land itself, and not the subject of sale as chattels by parol.    The deed in question only purported to convey title to realty.    If the crops in question were personalty, then it necessarily follows that the evidence offered would in no way vary or alter the effect of the deed.

[6]    We are constrained to the view that growing crops of

grain—fructus industriales—may be either realty or personalty, as the parties owning, and transfering the land on which they grow may intend;, where the land is conveyed by deed, in the absence of any written or oral reservation thereof, immature growing crops pass to the vendee under the deed, but that a vendor may show by parol that such crops were reserved and intended as personalty, not to pass by such deed, where such reservation was a part of the consideration which induced the execution of the deed.

The judgment appealed from is reversed, and the cause remanded.