(No. 5153. June 26, 1929.)

LEE HOWELL and SWIFT & COMPANY, a Corporation, Appellants, v. BLACKFOOT CREAMERY COMPANY, a Copartnership Composed of T. B. SMITH and J. K. SMITH, Respondents.

[278 Pac. 1015.]

Peterson, Baum & Clark, for Appellants.

John W. Jones and Guy Stevens, for Respondents.

BAKER, District Judge.—Both plaintiffs and defendants claim, as against the other, the exclusive right to the use of the trade name or mark "Bannock Brand" in the distribution of butter and, by the aid of injunctive process, seek to prevent the use of that name by the other. The claim of the plaintiffs is that Lee Howell, who for more than seven years had been engaged in the creamery and butter manufacturing business at Blackfoot under the name of Blackfoot Creamery, had, during substantially all of that time, sold his surplus butter to the plaintiff, Swift & Company; that the company had adopted and exclusively used, though not recorded in the office of the secretary of state as authorized by C. S., sec. 2316, the trade name or trademark "Bannock Brand" under which this butter was marketed, and had built up an extensive demand for butter offered for

sale under that brand. The defendants base their right upon the purchase by them from Howell of the entire business of the Blackfoot Creamery including the goodwill, business name and the trade name and recordation in the office of the secretary of state. There was a decree denying plaintiffs any relief and awarding to defendants the injunctive relief prayed for in their cross-complaint. The plaintiffs have appealed.

The evidence was conflicting but that offered on behalf of the defendants and evidently accepted by the trial court was to the effect that the plaintiff, Howell, while in business at McCammon in about 1918 had used the name "Bannock Brand" on butter manufactured by him; that in 1918 he opened his plant at Blackfoot and, from that time to the date of the sale to respondents, has sold his product under that name and one other; that Swift & Company had purchased from him his surplus butter and at the company's suggestion he had wrapped the butter delivered in paper bearing the name "Bannock Brand"; that Howell, during the same time, had sold "Bannock Brand" butter to other creameries, to hotels, restaurants and mining companies; that in October, 1926, respondents purchased the entire property, including supply of "Bannock Brand" wrappers, business name, goodwill and trade name from Howell who remained in their employ for a time, introduced them to his customers and delivered some "Bannock Brand" butter to local consumers; that the trade name was registered at the suggestion of Howell. Respondents, for a short time, continued to sell their surplus butter to Swift & Company but disagreements as to price soon developed. Howell then promptly left the employ of respondents, opened a competing business in Blackfoot and resumed the manufacture and distribution of butter under the name "Bannock Brand." The respondents continued to market butter under the same name. Howell and Swift & Company then commenced this action. The trial court found that the trade name was adopted and used by and was the property of Howell and not of Swift & Company, and that it was sold by the former to the respondents.

The assignments of error are: 1. The trial court erred in admitting testimony which, appellants contend, violated the parol evidence rule; and 2. The insufficiency of the evidence to sustain the material findings of fact.

There was no written contract of sale between Howell and respondents; their agreement was wholly oral. Under this agreement respondents were let into possession and delivered checks representing the full purchase price. Some three or four weeks after possession was surrendered and very soon after check for the final payment had been delivered to Howell, unpaid claims against the latter were presented. Respondents then stopped payment of the check and in an effort to comply with the provisions of the "Bulk Sales Law" (C. S., secs. 5752–5756), Howell delivered at respondent's office an instrument, referred to as a bill of sale, which recited that he had sold to the respondents "the stock and equipment, furniture and fixtures and all personal property used in connection with the Blackfoot Creamery." There was attached to this instrument an affidavit by Howell that all debts had been paid. The evidence objected to was to the effect that the goodwill of the business and the trade name, "Bannock Brand," were sold to respondents. There was no denial of the testimony of respondents that the bill of sale and attached affidavit were executed merely in an effort to comply with the requirements of the Bulk Sales Law and to enable the appellant Howell to obtain the balance of the purchase price, or that the original oral contract did not contemplate the execution of any instrument in writing other than deeds necessary to transfer the legal title to the land sold. The inference is well justified, if not required, that the bill of sale was neither executed nor delivered with the intention that it should evidence the contract of the parties or be the final expression of their respective engagements, or even effect a transfer of the title to the personal property sold. This was the view of the trial court.

The so-called parol evidence rule presupposes the existence of some written instrument setting forth the agreement of the parties. Unless there is such contract, there is no writ-

ing to be modified or varied by agreement resting in parol. (22 C. J. 1105; 10 R. C. L. 1019; 10 Cal. Jur. 917; *Hall v. Barnard,* 138 Iowa, 523, 116 N. W. 604.) There was no error in the admission of evidence.

■ Appellants contend that the evidence is wholly insufficient to sustain the findings of the trial court that Howell and not Swift & Company conceived, first adopted and used, and thereby became the owner of the trade name involved or that Howell, except in rare or isolated instances, sold butter so labeled to others or that Howell sold the trade name to respondents. Having concluded that the evidence of the parol agreement was not improperly received, there is no merit to the contention that Howell did not sell to respondents and they did not purchase from him the trade name. The finding that he did sell it to them is supported by substantial, though conflicting, evidence. We are also of the opinion that the evidence is sufficient to sustain the other findings of which appellants complain. The contentions of appellant that Swift & Company, by reason of priority of adoption and use of the trade name in the distribution though not in the manufacture of the butter, became the owner of the name and privileged to exclusively use it notwithstanding registration by respondent, could be considered only after having first determined that findings contrary to those made were required by the evidence.

The judgment appealed from is affirmed with costs to respondents.

Budge, C. J., and Givens, Wm. E. Lee and Varian, JJ., concur.