BOYD, Appellant, v. LAKE COUNTY, et al, Respondents

(36 N. W.2d. 384.)

(File No. 9021. Opinion filed March 7, 1949)

**Harry J. Eggen,** of DeSmet, for Appellant.

**Wm. R. Arneson,** State's Atty. of Lake County, of Madison, and **Benjamin Mintener,** Asst. Atty. Gen., for Respondents.

SICKEL, J. This is an action brought to recover the value of crops. Lake county became the owner of an eighty acre tract of land by tax deed. The land was offered for sale at public auction on July 2d, 1946, and sold to C. J. Boyd for $2,600.00, subject to confirmation by the board of county commissioners. The sale was confirmed by the board, the consideration was paid and the property was conveyed on the date of sale. The record shows that the county had entered into a written lease with J. A. Dinges for the term of one year from March 1st, 1946. The lease provided for a rental of one-third of the crops delivered. Thereafter the crop matured, was harvested, and the county's share consisted of oats of the value of $134.05 and corn of the value of $214.62, amounting to the total of $348.67, which was delivered to the county. The purchaser claimed to be the owner of the county's share of the crop by virtue of the fact that crops had not matured and were taking sustenance from the soil on the 2d of July, 1946, the date on which the property was sold and conveyed to him. His claim was denied by the county and he then brought this action as plaintiff against the county as defendant to recover the value of the grain. The action was tried without a jury and resulted in judgment for dismissal of the action. Plaintiff appealed.

Respondents concede that the crops in question were growing upon the land when it was sold and conveyed, and that the value of the county's share of the crops was as above stated but claim that the county's share was reserved by virtue of a statement made by the county auditor to the purchaser prior to the sale to the effect that the county's share of the crop did not go with the land.

The county was authorized by law to purchase real property at the county treasurer's tax sale in the name of the county, "such county acquiring all the rights, both legal and equitable, that any purchaser could acquire by reason of such purchase." SDC 57.1108. "The Board of County Commissioners of any county shall have control of the sale, rental and management of real property owned by the county * * * acquired through tax deed proceedings or in payment of taxes * * *." Ch. 25, § 2, S. L. 1939. It is further provided by statute that: "Property so acquired may be sold and conveyed; and the County Commissioners of the several Counties are empowered to sell and convey such real property, belonging to their respective Counties, in the manner and upon the terms hereinafter provided." Ch. 25, § 4(a), S. L. 1939, as amended by Ch. 37, § 1, S. L. 1941. The board is also authorized to make an appraisement of the land. Ch. 25, § 4(b), S. L. 1939. All such sales are made under the direction of the county auditor. He causes the notice of sale to be published, sells the property at public auction to the highest bidder and reports the sale to the board of county commissioners. If the sale is approved by the board and the purchase money is paid the board directs the execution and delivery of a deed conveying the property to the purchaser. Such deed is executed "in the name of the County by the Chairman of the Board of County Commissioners and attested by the County Auditor, and shall vest in the grantee or grantees all of the right, title and interest of the County in and to such real property so sold and every part thereof." Ch. 25, § 4(f), S. L. 1939. According to the statutory procedure the board of county commissioners has the sole authority to determine whether land shall be offered for sale, to fix the minimum price for which it may be sold, to approve the sale and con-

vey the land to the purchaser. The duties of the county auditor are ministerial.

This court held in Bjornson v. Rostad, 30 S. D. 40, 137 N. W. 567, 569, Ann. Cas. 1915A, 1151, that: In the absence of any reservation or exception, either oral or otherwise, of a crop of grain growing on land at the time of the conveyance thereof by deed, the great weight of authority seems to hold that such crop would pass to the purchaser or vendee under the deed; * * *." To effect such a reservation or exception it must appear from an agreement between the vendor and the purchaser that the reservation constituted "a part of the consideration which induced the making of the deed". Bjornson v. Rostad, supra.

The records pertaining to the sale, including the resolution authorizing the sale, appraisement, notice of sale, report of sale, confirmation of sale by the board of county commissioners, and the deed conveying the property contains no reservation of any interest in crops growing upon the land. The testimony of the county auditor and one of the county commissioners shows positively that the board never adopted any resolution or recorded any other official action as to the reservation of crops. The county auditor, however, testified that it was the established policy of the board to reserve the crops on land sold after July 1st, and that he was told by the commissioners that they would hold the crops on this particular piece of ground; that he notified the purchaser before the sale that the crops did not go with the land. The question is whether the county could, or did, effect such reservation by such means.

SDC 12.0612 provides: "Such board shall hold its sessions with open doors and transact all business in the most public manner, *.* *. All matters pertaining to the interests of the county shall be heard by the board in session only, * * *." The above statute was considered by this court in Brown County v. Zerr, 67 S. D. 516, 295 N. W. 289, 291, where the court said: "The power of county boards must be exercised by them as boards and not by individuals, and the county is not bound by any action taken by members of the board individually." The commissioners could not singly or collectively, without formal action by the

board, as a board, enter into an agreement for the reservation of crops on behalf of the county. Brown County v. Zerr, supra. Whether such an agreement between the county and the purchaser is prohibited by the deed prescribed by Statute, Ch. 25, § 4(f), S. L. 1939, we need not decide. Cf. Rosenstein v. Williams County, 73 N. D. 363, 15 N. W.2d 378.

 The statute regarding the record of proceedings of the board of county commissioners provides: "Whenever any board of county commissioners shall act upon any petition, adopt any resolution, make any appointment to fill any vacancy in a county office, or enter any final order in any proceedings pending before any such board, the members shall vote by yeas and nays and a record of such votes shall be kept by the county auditor who shall include the same in the published report of the minutes containing the record of any such action, resolution, appointment, or order." SDC 12.0614. Under the foregoing statute the board of county commissioners speaks through its record, and the members of the board cannot by unofficial utterances bind the county. Trippeer v. Couch, 110 Or. 446, 220 P. 1012. "The board of county commissioners can act authoritatively only by resolution properly spread upon the minutes and joined in by a majority of the board." Kelly v. Hamilton, 76 Wash. 576, 136 P. 1148, 1151. Members of the board acting individually act without authority. If they could do so "no record thereof would be made, and no order entered on the record from which an appeal could be taken." Conger v. Board of Com'rs., 5 Idaho 347, 48 P. 1064. The action of the board is not complete or effective to bind the county for any purpose until the record evidencing such action by the board has been made. "The records of the court [board] are held to be the sole witness of the proceedings * * *." Epps v. Washington County, 173 Tenn. 373, 117 S. W.2d 749, 750.

The case of Barry v. Glenn County, 42 Cal. App.2d 76, 108 P.2d 81, 83, was one in which a claim for services was presented to the board of county supervisors and marked as rejected by the board with the signature of the chairman.

No record of action by the board was made. The opinion quotes with approval the text from 7 Cal. Jur. 448, as follows: "It [the board] cannot be bound by acts in pais; the best and only evidence of its intentions is to be drawn from its records. * * * The Board must further cause to be kept a 'minute book', in which must be recorded all orders and decisions made, and the daily proceedings had at all regular and special meetings."

The opinion then states: "It is admitted there is no record of a vote upon these claims, nor of their rejection. Such facts cannot be established by oral evidence * * *." The absence of any record thereof is conclusive evidence in this case that the board never decided to reserve the crops and never authorized the county auditor to give notice of such reservation.

█ It also appears from the evidence that the purchaser never accepted the reservation which it is claimed the county auditor imposed. When the auditor advised appellant that the crops did not go with the land, appellant argued with him about it. The deputy auditor heard the conversation and testified that appellant made some objection and asked "Why" and the county auditor responded: "You will have to ask the commissioners." Appellant did not communicate with any of the members of the board. The county auditor then held a conversation with the commissioners with reference to the crops, in the absence of appellant. He did not communicate this conversation to the appellant, but immediately thereafter went with appellant into the lobby where he read the notice of sale and offered the property for sale according to the terms of the notice. The auditor made no public statement at the time and place of sale reserving the crops. It is only reasonable to conclude under these circumstances that appellant purchased the property on the terms stated in the notice of sale, paid for it, and accepted the deed conveying all the right, title and interest of the county in the land according to law without any reservation whatever.

Judgment reversed.

All the Judges concur.